AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

District of New Mexico

United States of America
v.
Christian Jesus Contreras-Varela

Defendant(s)

Case No. 25-3471 MJ

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of August 28th, 2025 in the county of Eddy in the State and District of New Mexico, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18 U.S.C. § 2314 | Transportation of Stolen Goods |
| Title 18 U.S.C. § 2 | Aiding and Abeding |
| Title 18 U.S.C. § 922(g)(5) | Alien in possession of a firearm |

This criminal complaint is based on these facts:

See attached Probable Cause Statement

☑ Continued on the attached sheet.

TRENT BOONE Digitally signed by TRENT BOONE Date: 2025.08.28 15:14:50 -06'00'

*Complainant's signature*

Trent Boone, Special Agent

*Printed name and title*

Sworn to before me and signed in my presence. by phone.

Date: 08/~~28~~ 29/2025

*Judge's signature*

City and state: Las Cruces, NM

Jerry H. Ritter, U.S. Magistrate Judge

*Printed name and title*

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

1. I am a Special Agent in the Bureau of Land Management (BLM), United States Department of Interior. I have been employed since June 2015. As such, I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2507(7) and am empowered by law to conduct investigations and to make arrest for offenses enumerated in 18 U.S.C. § 2516.

2. My experience as a Special Agent includes, but is not limited to, conducting physical surveillance, interviewing witnesses, writing affidavits for and executing search warrants, working with undercover agents and informants, issuance of administrative and federal grand jury subpoenas, analysis of phone toll and financial records. I have become familiar with the manner in which crude oil theft operations are structured, to include how the crude oil is stolen, transported, and sold.

3. I have personally participated in the investigation set forth below. I am familiar with the facts and circumstances of the investigation through my personal participation, from discussions with other agents of the FBI, and from my review of records and reports relating to the investigation. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by another law enforcement officer or witness who may have had either direct or indirect knowledge of that statement and to whom I or others have spoken or whose reports I have read and reviewed. This affidavit does not include every fact known to me but only facts to establish probable cause.

4. On June 18th, 2025, an FBI Special Agent of the Midland, Texas Resident Agency Office was notified by a confidential source of information (CS) that Maxwell Jensen was seeking to orchestrate a scheme in which he would pay off employees of oil production companies for crude oil. The CS explained to FBI that Jensen would be storing the stolen crude oil at 4154 7 Rivers Highway, Carlsbad, New Mexico (Target Location), and that Jensen was seeking a vacuum truck

driver to pick up oil from third party locations, and the Target Location was used to receive approximately 600 barrels of oil every day. At current crude oil prices, 600 barrels is valued at $39,000.

5. After FBI informed me of the scheme, I started doing periodic surveillance of the Target Location. The location has three 500-barrel frac tanks and a white water hauling vacuum truck (Target Vehicle) that was frequently parked there. In my experience, I know that crude oil thieves utilize frac tanks to store stolen crude oil and vacuum trucks to steal millions of dollars' worth of crude oil from a variety of locations, including oil pipelines. The Target Vehicle's US DOT number is 3183291, and it bears the company name M.I.S. LLC in red lettering on its side.

6. On July 22, 2025, I observed the Target Vehicle leaving the location. I followed from a distance as it went out into the oilfield. I observed the Target Vehicle drive up to a Plains All American Pipeline site, located at coordinates 32.62494, -104.10080, a site in New Mexico, and hook up to a portion of the pipeline at the site. I left the area and returned later to photograph the scene. While I was leaving the area after taking photos, I observed that the Target Vehicle had already traveled to another Plains All American Pipeline site, located at coordinates 32.65158, -104.10264, another site in New Mexico, on the same pipeline. A Plains All American company truck was there assisting the Target Vehicle driver, suggesting that a Plains All American employee may be complicit in the scheme to steal the crude oil out of the pipeline.

7. On July 29, 2025, I submitted a tracker warrant for the Target Vehicle suspected of stealing and transporting stolen crude oil, and it was signed by a federal magistrate judge the following day.

8. On July 30, 2025, I coordinated a multi-agency operation and we observed the suspects stealing crude oil. During the operation, Agents obtained video of the Target Vehicle as it

connected to the pipeline and traveled back to the Target Location. Agents observed a white GMC truck bearing New Mexico license plate RXP352 meet the Target Vehicle at the Target Location. Agents confirmed the white GMC truck was last registered to a "Contreras Varela Christian Jesus," (Christian Contreras).

9. A review of the tracker data revealed that the Target Vehicle made 15 trips to Plains All American Pipeline sites from July 31, 2025, to August 11, 2025. On August 11, 2025, the tracker appeared to fall off the Target Vehicle. The tracker was located and placed back on the Target Vehicle on August 14, 2025.

10. On August 13, 2025, I went to one of the locations where the vacuum truck made multiple trips to Plains All American Pipeline sites to place a game camera to identify the Plains All American Truck working with the suspects.

11. The tracker data revealed that from August 15, 2025, to August 18, 2025, the Target Vehicle made four trips to Plains All American Pipeline sites. A total of 23 trips were recorded on the tracking device going to the Plains All American pipeline sites from July 22, 2025, to August 18, 2025. In my experience, I believe each of these trips involved the theft of crude oil.

12. In recorded phone conversations between and the CS and Maxwell Jensen, Jensen discussed his associate, "Tom," (Thomas Rees) who ran Jensen's yard in Carlsbad, New Mexico under the business "Hound Dog." Over the course of the recordings, Jensen explained that Hound Dog received 25% of the illicit profits for oil sold from Target Location in Carlsbad, and, as of July 29, 2025, Rees had produced more than 100 load tickets.

13. On August 21, 2025, I received Mountain of America Credit Union and Wells Fargo Bank Records on Thomas Rees. On one business account application Thomas Rees is identified as the sole owner of Hound Dog Energy. One receipt for a wire transfer from Mountain of America

Credit Union shows Hound Dog Energy with an address at Target Location where the crude oil theft scheme is occurring.

14. In reviewing the returns from Hound Dog Energy, LLC. Wells Fargo account ending in 4206, Agents found at least eight checks to a "Christian Contreras" totaling at $35,510 ranging from June 10, 2025, to July 2, 2025.

15. On August 27, 2025, law enforcement officers in Eddy County, New Mexico engaged in a consensual encounter with Christian Contreras' son who had been driving the Target Vehicle. Contreras' son called Christian Contreras, and Contreras told the officers where he was located. The officers traveled to that location and arrested Christian Contreras for state arrest warrants originating from Texas. In a custodial interview, a Spanish-speaking officer read Christian Contreras his *Miranda Rights* in Spanish and translated for Christian Contreras. Christian stated that he operated the Target Vehicle to steal crude oil from oil pipelines. Contreras also admitted to knowing the crude oil he took from the oil pipeline was stolen. Contreras stated that an associate coordinated the thefts and, when Contreras was not physically present for the thefts, the associate would update Contreras on the amount of barrels of crude oil Carlos Contreras had stolen from the pipeline that day.

16. Contreras' white GMC Denali pickup was parked at a gas station where law enforcement officers made the traffic stop. I confirmed it was the same white GMC seen multiple times at the target location and in the vicinity of the crude oil thefts while they were occurring. Law enforcement officers called a tow truck, and I did an inventory of the white GMC truck. In the front console pocket of the truck in plain view was a gold and black Glock handgun, serial number BUZG850. During the interview with Contreras, he said that he was present in the United States illegally and he knew the handgun was in his truck. Contreras stated that he had not shot the gun,

but admitted that he had possessed it. The firearm and ammunition traveled in interstate or foreign commerce prior to the time Contreras possessed them.

17. Based on the facts set forth in this affidavit, your affiant has probable cause to believe that Christian Jesus Contreras Varela committed violations of Title 18 U.S.C. § 2314 Interstate Transportation of Stolen Property and 18 U.S.C. § 2, aiding and abetting, and 18 U.S.C. § 922(g)(5) Alien in possession of a firearm.

Respectfully Submitted,

TRENT BOONE Digitally signed by TRENT BOONE Date: 2025.08.28 15:16:32 -06'00'

Trent Boone
BLM Special Agent

Subscribed and sworn to before me this
29 ~~28th~~ day of August, 2025.

Jerry H. Ritter
United States Magistrate Judge