**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )     No. 25-mj-3354 GJF |
| | ) |
| MAXWELL STERLING JENSEN, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

The United States of America hereby submits this response in opposition to Defendant Maxwell Jensen's Motion to Dismiss Complaint for violations of the speedy trial act. Doc. 10. Defendant argues that the time period to indict the case has lapsed, and the case should be dismissed with prejudice. However, the time to indict has not lapsed, and the government still has approximately two weeks to indict.

## I.   BACKGROUND

### a.   Factual Background

The United States filed a criminal complaint on August 22, 2025. Doc. 1.  On that same day, Defendant was arrested in Utah.  The District of Utah held his Rule 5 Identity hearing and a detention hearing on August 27, 2025, where the court ordered Defendant be taken to the District

of New Mexico. Exh. 1.  The defendant did not waive either hearing.  Exh. 2.  As such, the hearing went forward, and the magistrate judge ordered Defendant detained.  Exh. 3.

Defendant was previously indicted in the Southern District of Texas for money laundering, smuggling goods into the United States, and materially supporting a terrorist organization.  Exh. 4.  He was released on bond on May 9, 2025.  Exh. 5.  He appeared in the District of Utah for his Rule 5 identity hearing and detention hearing for violating his pretrial release in his Texas case on September 2, 2025.  Exh. 6.  The District of Utah ordered him removed to the Southern District of Texas on the same day.  Exh. 7.

b.  Legal Background

Under the Speedy Trial Act, an indictment or information must be filed within 30 days from the date on which a defendant was arrested.  18 U.S.C. § 3161(b). The Speedy Trial Act, however, excludes from "the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence," "any period of delay resulting from other proceedings concerning the defendants" including  "any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure."  18 U.S.C. § 3161(h) and (h)(1)(E).  Additionally, the Speedy Trial Act tolls any "delay resulting from transportation of any defendant from another district… except that any time consumed in excess of ten days from the date of an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable." 18 U.S.C. § 3161(h) and (h)(1)(F).

## II.  ARGUMENT

The government has at least until October 13, 2025 to indict.  In his motion, Defendant argues that the 30-day period has lapsed and interstate transportation does not excuse the violation. Defendant is incorrect that the 30-day indictment period has lapsed.

The time between Defendant's arrest and his identity hearing was excluded under § 3161(h).  Defendant had a Rule 5 identity hearing and a detention hearing for his current charge on August 27, 2025.  Defendant was then held in the District of Utah for court proceedings relating to his Rule 5 identity hearing and detention hearing on his pretrial release violation for his Texas case until September 2, 2025.  This time was excluded under § 3161(h)(1)(E).  Defendant appeared for his Rule 5 hearing and detention hearing from his Texas case on September 2, 2025. Ultimately, he was ordered removed from the District of Utah at the conclusion of that September 2, 2025 hearing.  Therefore, the speedy indictment clock for Defendant did not start until September 3, 2025, the day after his second Rule 5 hearing.  18 U.S.C. § 3161(h) and (h)(1)(E).

Additionally, the rules carve out time for the transfer of defendants to other districts.  The rules toll the grand jury deadline for 10 days.  *See* 18 U.S.C. § 3161(h)(1)(F).  In these circumstances, because Defendant still had proceedings regarding a warrant for violating his pretrial release conditions on September 2, 2025, the government had an additional 10 days to transport Defendant under the presumption of reasonableness.  This would toll the start of the grand jury countdown until September 13, 2025.  The government would then have 30 days to indict, or until October 13, 2025.

Even if Defendant were correct that the 30-day period to indict had lapsed, dismissal with prejudice would not be the appropriate remedy.  This Court has discretion to determine whether to dismiss with or without prejudice.  The Act requires courts to consider three factors: 1) "the

seriousness of the offense," 2) "the facts and circumstances of the case which led to dismissal," and 3) "the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(1).

The offense is very serious. Defendant is alleged to have coordinated an oil theft scheme while under indictment in another federal district for illegally importing crude oil. From the time the Government began the investigation, and until his arrest, the Government tracked 23 thefts, which totals roughly $194,350 worth of crude oil. Because the offense is serious, there is a greater weight given to dismissing without prejudice. *United States v. Saltzman*, 984 F.2d 1087, 1092-93 (10th Cir. 1993).

In terms of the second factor, any delay is not the result of intentional conduct or a pattern of neglect on the government. The Government, as explained above, has established that the grand jury deadline has lapsed. Therefore, any improper delay is unintentional and not in bad faith. For these reasons, a dismissal without prejudice would be the appropriate remedy. *Id. See also*, *United States v. Jones-Lusk*, 2024 U.S. Dist. LEXIS 1662425 (Okla. W. Dist., September 16, 2024).

As for the third factor, as noted above, there is no evidence that the Government acted in bad faith. The United States is operating under the belief that it has until October 13, 2025 to indict this case. Defendant is now in the District of New Mexico with access to his attorney. Further, as the Government is intending to indict the case by that deadline, Defendant has failed to show any prejudice caused by that delay. *United States v. Saltzman*, 984 F.2d 1087, 1092-94 (10th Cir. 1993).

III.   CONCLUSION

The Grand Jury clock has not lapsed, and will not lapse until October 13, because the delays were caused by Defendant's proceedings in Utah and his travel to New Mexico. Accordingly, there was no violation of the speedy trial clock. This Court should deny Defendant's Motion to Dismiss. If this Court disagrees, the appropriate remedy is dismissal without prejudice.

Respectfully submitted,

RYAN ELLISON
Acting United States Attorney

*/s/ Electronically Filed 9/26/25*
ALYSON R. HEHR
Assistant United States Attorneys
200 N. Church Street
Las Cruces, NM 88001
(575) 323-5294

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system on this 26th day of September, 2025.

*/s/ Electronically Filed 9/26/25*
ALYSON R. HEHR
Assistant United States Attorney