**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CAUSE NO. 5:25-cr-04750-SMD** |
| | § | |
| **MAXWELL JENSEN** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S OBJECTION TO SEALING AND MOTION TO UNSEAL GOVERNMENT'S BRIEF IN SUPPORT OF DETENTION**

Comes now, MAXWELL JENSEN, Defendant in the above referenced case, by and through his undersigned counsel and herewith files his Defendant's Objection to Sealing and Motion to Unseal Government's Brief in Support of Detention, and as grounds would state as follows:

**Introduction**

This matter concerns the improper sealing request of the Government's brief in support of detention and its attachments in a public criminal proceeding. The defendant respectfully requests this Court unseal these documents, as the Government has failed to meet the stringent requirements for sealing judicial records under 10th Circuit precedent.

1. **Legal Standard for Sealing Judicial Records**

Courts have long recognized a common-law right of access to judicial records, though this right is not absolute. JetAway Aviation, Ltd. Liab. Co. v. Bd. of Cty. Comm'rs, 754 F.3d 824 (10th Cir. 2014). The 10th Circuit may, in its discretion, seal documents if the public's right of

access is outweighed by competing interests. JetAway Aviation, Ltd. Liab. Co. v. Bd. of Cty. Comm'rs, 754 F.3d 824 (10th Cir. 2014). In exercising this discretion, courts weigh the interests of the public, which are presumptively paramount, against those advanced by the parties. JetAway Aviation, Ltd. Liab. Co. v. Bd. of Cty. Comm'rs, 754 F.3d 824 (10th Cir. 2014). Counsel cites to the 10th Circuit rules as the District of New Mexico Local Criminal Rule 49.4 does not provide any criteria. and the local civil rules do not address sealing.

Under 10th Circuit Rule 25.6, any party seeking to file documents under seal must overcome a presumption in favor of access to judicial records, and there is a heavy burden a movant must carry to overcome this presumption. Geometwatch Corp. v. Behunin, 38 F.4th 1183 (10th Cir. 2022). To overcome this presumption against sealing, the party seeking to seal records must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the court's decision-making process. JetAway Aviation, Ltd. Liab. Co. v. Bd. of Cty. Comm'rs, 754 F.3d 824 (10th Cir. 2014).

**3. Procedural Requirements for Sealing Motions**

The 10th Circuit has established specific procedural requirements for motions to seal. USCS Ct App 10th Cir, Cir R 25.6. Motions for leave to file under seal must: (1) identify with particularity the specific document containing the sensitive information; (2) explain why the sensitive information cannot reasonably be redacted in lieu of filing the entire document under seal; (3) articulate a substantial interest that justifies depriving the public of access to the document; (4) cite any applicable rule, statute, case law, and/or prior court order having a bearing on why the document should be sealed; and (5) comply with 10th Circuit Rule 27.1 outlining requirements for motions. Geometwatch Corp. v. Behunin, 38 F.4th 1183 (10th Cir. 2022).

Importantly, because redaction is preferable to filing an entire document under seal, the party seeking to protect sensitive information shall publicly file a redacted version of the document concurrently with the motion to seal, unless redaction is impracticable. Geometwatch Corp. v. Behunin, 38 F.4th 1183 (10th Cir. 2022).

In the instant case, the United States did not attempt to confer with counsel. Counsel will acknowledge some exhibits are "transcriptions" of calls with a Confidential Source "CS". There may be a reason to seal those, however that was not articulated or even addressed. However the Government's Brief simply cites to a "CS" which counsel fails to understand how that needs to be protected as it does not identify the individual in any way. Further, it appears from discussion with the other parties that they have not even been served with a copy of this motion.

**4. The Government Has Failed to Meet Its Burden**

The Government has fundamentally failed to satisfy the heavy burden required to overcome the presumption in favor of public access. The party seeking to overcome the presumption of public access to documents bears the burden of showing some significant interest that outweighs the presumption. Helm v. Kansas, 656 F.3d 1277 (10th Cir. 2011).

**5. Lack of Articulated Substantial Interest**

The Government offers no rationale or support for the sealing of its brief in support of detention. This failure alone is fatal to any justification for sealing. The parties cannot overcome the presumption against sealing judicial records simply by pointing out that the records are subject to a protective order in the district court, but rather must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the appellate court's decision-making process. Helm v. Kansas, 656 F.3d 1277 (10th Cir. 2011). However in this case

the United States without any justification cites that a CS is involved and may be at risk. The undersigned would state that his identify is a not secret and the United States simply stating that and that there is a protective order is wholly insufficient.

**6. Failure to Consider Less Restrictive Alternatives**

The sealing is not the least restrictive method of handling the information in this case. The 10th Circuit's rules explicitly require parties to explain why sensitive information cannot reasonably be redacted in lieu of filing the entire document under seal. Geometwatch Corp. v. Behunin, 38 F.4th 1183 (10th Cir. 2022). The Government has failed to demonstrate that redaction would be insufficient to protect any legitimate interests while preserving public access to judicial records.

**7. Absence of Truly Sensitive Information**

The brief in support of detention does not contain any information that will not be public. This fact undermines any claim that sealing is necessary to protect sensitive information. If the information contained in the brief will ultimately become public, there is no substantial interest that justifies temporarily depriving the public of access to these records.

**8. The Court Retains Authority to Unseal Documents**

Once a court orders documents sealed, the court continues to have authority to enforce its order sealing those documents, as well as authority to loosen or eliminate any restrictions on the sealed documents. United States v. Pickard, 733 F.3d 1297 (10th Cir. 2013). Consistent with the presumption that judicial records should be open to the public, the party seeking to keep records sealed bears the burden of justifying that secrecy, even where the district court previously

determined that those documents should be sealed. United States v. Pickard, 733 F.3d 1297 (10th Cir. 2013).

**9. Conclusion**

The Government's motion to seal was granted without the rigorous analysis required by 10th Circuit precedent. The Government failed to articulate any substantial interest justifying the deprivation of public access, failed to consider less restrictive alternatives such as redaction, and seeks to seal documents that contain no truly sensitive information. The Court should exercise its discretionary authority to unseal the Government's brief in support of detention and its attachments, thereby restoring the public's presumptive right of access to these judicial records.

*/s/ Brock Benjamin*
BROCK BENJAMIN
Attorney for Defendant
New Mexico Bar No. 141535
1013 E. San Antonio Ave.
El Paso, Texas 79901
Tel: 915-412-5858
Fax: 915-503-2224
E-Mail: brock@brockmorganbenjamin.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the 3rd day of December, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and service to all CM/ECF registrants.

*s/ Brock Benjamin*
BROCK BENJAMIN