IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | CAUSE NO.  5:25-cr-04750-MIS |
| | § | |
| MAXWELL JENSEN | § | |
| | § | |
| **Defendant.** | § | |

### Motion to Suppress Evidence
### Under the Government-Agent Doctrine

**I.      Introduction**

This motion seeks suppression of evidence obtained through the activities of a Source of Information ("SOI") who functioned as a government agent. The SOI had applied and been hired by Maxwell Jensen for work in Odessa, Texas. From the beginning, the SOI reported Jensen's activities to federal agents, he was concerned with instructions to cut off a lock on a gate. Roughly 30 days into the operation, the SOI transitioned from simply reporting what was occurring to actively recording calls and collecting documents for law-enforcement use.[1] Under the Tenth Circuit's two-pronged test, the government's knowledge, encouragement, and direction convert the SOI's conduct into state action. Because the SOI's warrantless searches and recordings are attributable to the government, the resulting evidence must be suppressed.

**Legal Standard**

The Fourth Amendment restricts government action, not purely private searches. But when the government uses a private person as its instrument, the Fourth Amendment

---

[1] This information was used in the bail detention motion by the United States. See the Government's Motion exhibits- 3-10, 13-17.

applies.

In the Tenth Circuit, a private search becomes governmental when: (1) the government knew of and acquiesced in the private party's intrusive conduct; and (2) the private party intended to assist law enforcement efforts rather than to further independent objectives. *United States v. Poe*, 556 F.3d 1113 (10th Cir. 2009)(*Poe* was a case where the Court of Appeals determined that Bounty Hunters were not state actors because they were working for their own pecuniary interests). Both prongs must be satisfied, and the inquiry turns on the totality of the circumstances. *Id.*; *United States v. Alexander*, 447 F.3d 1290 (10th Cir. 2006).

In evaluating agency, courts may consider the extent of the government's knowledge of and participation in the alleged agent's conduct, the alleged agent's motivations, the presence or absence of coercion as viewed from the suspect's perspective, and other traditional indicia of agency. *Alexander*, 447 F.3d 1290. The second prong also requires the Court to weigh the government's role in the search—not merely the private person's state of mind. *United States v. Leffall*, 82 F.3d 343 (10th Cir. 1996).

Knowledge and acquiescence generally require more than passive receipt of information. The government must affirmatively encourage, initiate, or instigate the private action. *United States v. Smythe*, 84 F.3d 1240 (10th Cir. 1996). *Citing United States v. Jacobsen*, 466 U.S. 109, 113, 80 L. Ed. 2d 85, 104 S. Ct. 1652 (1984); *Burdeau v. McDowell*, 256 U.S. 465, 475, 65 L. Ed. 1048, 41 S. Ct. 574 (1921); *see also United States v. Smith*, 810 F.2d 996, 997 (10th Cir. 1987), *cert. denied*, 488 U.S. 888 (1988); *United States v. Walsh*, 791 F.2d 811, 813-814 (10th Cir. 1986). "If the government

coerces, dominates, or **directs** the actions of a private person, a resultant search and seizure may implicate the guarantees of the Fourth Amendment." *Coolidge v. New Hampshire*, 403 U.S. *at* 489. *See Pleasant v. Lovell*, 876 F.2d 787, 796 (10th Cir. 1989).

### II.    Analysis

### A. First Prong: Government Knowledge and Acquiescence

The first prong examines whether the government knew of and acquiesced in the private party's intrusive conduct. *United States v. Rosenschein*, 136 F.4th 1247 (10th Cir. 2025)(Essentially holding that Microsoft and another service provider did not "know of or acquiesce to the use of CP"). Knowledge and acquiescence may be shown where agents affirmatively encourage, initiate, or instigate the private action, or otherwise direct the private person's conduct. *See Smythe; Alexander*.

Here, the record supports government knowledge and control. After being hired by Maxwell Jensen and sent to the Odessa yard, the SOI reported his activities to the FBI and other agencies throughout the operation. Roughly 30 days into the operation, the SOI began recording calls and producing documents for the government's benefit. At detention hearings, the United States relied on statements made to the SOI and documents received by text message and photographed for agents.[2] This is not a case of passive receipt of information. It reflects a coordinated investigation in which agents used the SOI's access to intentionally gather evidence sidestepping a warrant.

On July 30, 2025, the United States sought a warrant that was almost entirely based the SOI's information production as far back as June 18, 2025. Yet recordings did

---

[2] The photograph was not attached but rather inserted in the motion.

not begin until July 13, 2025—nearly four weeks into the operation. The government's reliance on the SOI's access before recordings began underscores that agents were not mere bystanders; they had time to plan, direct, and exploit the SOI's access before seeking formal process.

### B.  Second Prong: Intent to Assist Law Enforcement

The second prong asks whether the private party intended to assist law enforcement efforts or to further independent objectives. *See Alexander*. The Court must weigh the government's role in the search, not simply the private person's subjective state of mind. *See Leffall*. The existence of some private purpose does not preclude agency where law-enforcement assistance becomes the predominant aim. *See Rosenschein*, (CSAM case discussing whether Chatstep and Microsoft may be government actors and finding no).

Any initial purpose of responding to a job posting in June quickly gave way to law-enforcement assistance. The SOI reported activities to agents throughout and, by July 13, 2025, began recording Jensen's calls and collecting documents for investigative use. While the SOI received weekly compensation of $950, the subsequent conduct reflects a primary intent to assist the government, not to further an independent economic interest. During one call, the SOI discussed debt ($250,000 boat) and other financial issues yet did not request higher compensation—consistent with a motive other than pay.[3]

Equally important, the pattern of systematic reporting, recording, and document collection reflects government encouragement and direction. That coordination, and the

---

[3] A $950 per week wage is presumably not a living wage in the oil field area of West Texas at approximately $23.75 per hour!

exclusive benefit flowing to law enforcement, shows the SOI acted to assist government efforts rather than to pursue independent pecuniary objectives like *Poe*'s bounty hunters.

## C. Totality of Circumstances

Under the totality of the circumstances, all factors point toward agency. Government knowledge and participation were substantial and continuous. The SOI's actions were not limited to casual reporting; the SOI progressed to recording calls and collecting documents for law enforcement.[4] Additionally, text messages that are not incriminating in nature are being construed randomly and waved around under the Government's unique evidence-less theory of prosecution.[5] The operation was planned and sustained over weeks, and it involved multiple locations, including Odessa, Texas and contemplated work in Hobbs, New Mexico and West Texas. This scope and level of coordination is consistent with significant government involvement, not an independent private search.

## D. Constitutional Violation and Remedy

The SOI's conduct constituted a search within the meaning of the Fourth Amendment. Because both prongs of the Tenth Circuit test are satisfied, the SOI must be treated as a government agent, and the warrantless searches and recordings violated Jensen's Fourth Amendment rights.

Courts have held that the Fourth Amendment is not implicated when a private person voluntarily turns over property and the government's participation is nonexistent

---

[4] The calls were not short or random either. July 13 had three calls totaling over 25 minutes. Calls then were recorded on the 14th, 15th, 16th, 18th, and 37 minutes worth of calls on the 22nd. This pattern repeated itself.

[5] Counsel would include the messages however does not desire to seal and hide from the co-defendant's and the public his positions like the United States has done. Counsel objected to this in Doc. 67 that has not been ruled on as of the filing of this motion.

or minor. *Pleasant v. Lovell*, 876 F.2d 787 (10th Cir. 1989). But where government participation is substantial, Fourth Amendment protections apply, and suppression is the appropriate remedy. Here there is no way to even suggest that the SOIs participation was not substantial or lengthy in nature as the United State's has filed several search warrants, criminal complaints and detention motions relying on this individual's work on their behalf.

### E. Conclusion

The evidence obtained through the SOI's activities must be suppressed because the SOI operated as a government agent while conducting warrantless searches, recordings, and document collection. The government's knowledge and direction satisfy the first prong, and the SOI's conduct shows an intent to assist law enforcement rather than pursue independent objectives. Under the totality of the circumstances, substantial government involvement transformed the SOI's conduct into state action subject to Fourth Amendment constraints. Suppression is required.

Respectfully submitted,

*/s/ Brock Benjamin*
BROCK BENJAMIN
Attorney for Defendant
New Mexico Bar No. 141535
1013 E. San Antonio Ave.
El Paso, Texas 79901
Tel: 915-412-5858
Fax: 915-503-2224
E-Mail:
brock@brockmorganbenjamin.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the 24th day of December, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and service to all CM/ECF registrants.

s/ *Brock Benjamin*

BROCK BENJAMIN