**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CAUSE NO. 5:25-cr-04750-MIS** |
| | § | |
| **MAXWELL JENSEN** | § | |
| | § | |
| **Defendant.** | § | |

**ARGUMENT SUPPORTING ADOPTION OF SCHEDULING ORDER V.2 – JENSEN PROPOSAL**

## I. The Court's Complex Case Designation Provides Broad Discretion in Scheduling

The Court has already determined that this case warrants complex case designation under 18 U.S.C. § 3161(h)(7)(B)(ii), finding that due to the nature of the prosecution, this case is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings and trial within the 70-day time limit established by 18 U.S.C. § 3161(c)(1). Max Jensen did not take a position on that matter when it was filed based on uncertainty as to what the United States would produce for discovery. However, since August 2025 the United States has not produced 'voluminous' materials as it has represented multiple times. To date, there are only approximately 1700 pages in this 'complex' matter. The Speedy Trial Act (STA) provides federal district courts with significant flexibility through its "ends of justice" continuance provisions, specifically designed to accommodate "unusual, complex, and difficult cases". *Zedner v. United States,* 547 U.S. 489, 126 S. Ct. 1976 (2006).

## II. Jensen's Scheduling Conflict Creates Legitimate Prejudice Requiring Accommodation

The undersigned reached out to the parties and the United States last week regarding a proposed scheduling order. The United States responded with a proposal for a trial date on July 20, 2026. That would be almost 11 months after Jensen's arrest in this matter on August 21, 2025. Jensen faces a genuine scheduling conflict with another trial beginning July 13, 2026, which would directly overlap with the government's proposed July 20, 2026 trial date. This conflict is not merely inconvenient but creates substantial prejudice to Jensen's constitutional right to effective assistance of counsel and his ability to participate meaningfully in his defense as the attorney's who will try this case, will also be trying that matter.[1]

The United States in writing on Friday, January 9, 2026 when this was pointed out, responded with a request for a June trial setting and represented that it believed only Mr. Jensen would be going to trail. Mr. Jensen objects and is requesting an April trial date as proposed. He is detained and the United States appears to be attempting to extend that detention as opposed to proceeding to trial.

The Court must consider that Jensen will be the only defendant proceeding to trial, as represented by the United States. This fact weighs heavily in favor of accommodating his scheduling needs, as there are no other defendants whose schedules must be coordinated. Jensen's proposed timeline in Scheduling Order v.2 provides a reasonable alternative that ensures adequate preparation time while avoiding the prejudicial scheduling conflict.

## III. The Ends-of-Justice Analysis Supports Jensen's Proposed Schedule

[1] Maxwell Jensen is represented by Robert Guerra and Trey Martinez who are expected to enter this matter and sit on this matter. They represent Mr. Jensen in the Southern District of Texas as well.

Under 18 U.S.C. § 3161(h)(7)(A), courts must find that "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial". *United States v. Koerber*, 813 F.3d 1262 (10th Cir. 2016). However, courts must avoid "conclusory reasons for ends-of-justice continuances" and must provide adequate justification. *Koerber.*

Jensen's proposed schedule serves multiple ends of justice: (1) it provides adequate time for discovery completion and review given the case's minimal complexity; (2) it avoids prejudicing Jensen's constitutional rights by forcing him to choose between two trials; (3) it promotes judicial efficiency by preventing potential continuances or conflicts that could arise from the scheduling overlap; and (4) it may facilitate case resolution through plea negotiations, as the joint motion noted that adequate preparation time "may result in a resolution of the case without the need for trial" with regard to the other defendants.

## IV. Judicial Efficiency and Resource Management Support the Earlier Timeline

The Court's interest in efficient docket management actually supports Jensen's proposed timeline rather than the government's later date. Jensen's schedule avoids the risk of last-minute continuances or complications that could arise from his conflicting trial obligations. The earlier timeline also serves the public interest in prompt resolution of criminal proceedings, consistent with the STA's underlying purpose of protecting "a criminal defendant's constitutional right to a speedy trial and serve the public interest in bringing prompt criminal proceedings". *United States v. Thompson*, 524 F.3d 1126 (10th Cir. 2008).

## V. Counterarguments Lack Merit Given the Specific Circumstances

The government may argue that additional time is necessary for discovery completion, but the record shows that the bulk of discovery has already been produced. The last batch was produced in November. The United States on Friday represented that it will be producing additional discovery, but it should not be rewarded for piecemealing out discovery. This is why, Jensen's scheduling request has a limitation of January 30, 2026. Jensen's proposed timeline includes adequate deadlines for discovery completion by January 30, 2026, and reciprocal discovery by February 9, 2026. This provides sufficient time for both parties to complete their preparation.

Any argument that the date should be later should be construed against the United States and include a release for Mr. Jensen as opposed to awarding delay.

## VI. Position of the other parties

The undersigned has reached out to the parties in this matter and has heard from the United States who opposes this request. Counsel for Ortega, Andrw Ottaway responded in favor of the United States' proposal. Counsel will update the Court by a separate filing once the other parties have provided a position to the instant proposed scheduling order.

## VII. Conclusion

The Court should adopt Jensen's proposed Scheduling Order v.2, which provides a trial date of April 27, 2026. This timeline serves the ends of justice by ensuring adequate preparation time for the complex case while avoiding prejudice to Jensen's constitutional rights. The earlier

schedule promotes judicial efficiency, reduces costs, and serves the public interest in prompt criminal proceedings. Given the Court's broad discretion under the STA's complex case provisions and the specific circumstances of this case, Jensen's proposed timeline represents the most reasonable and just resolution of the scheduling dispute.

Respectfully submitted,
*/s/ Brock Benjamin*

BROCK BENJAMIN
Attorney for Defendant
New Mexico Bar No. 141535
1013 E. San Antonio Ave.
El Paso, Texas 79901
Tel: 915-412-5858
Fax: 915-503-2224
E-Mail: brock@brockmorganbenjamin.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the 11th day of January, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and service to all CM/ECF registrants.

s/ *Brock Benjamin*

BROCK BENJAMIN