**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CAUSE NO. 5:25-cr-04750-MIS** |
| | § | |
| **MAXWELL JENSEN** | § | |
| | § | |
| **Defendant.** | § | |

# MOTION FOR PRETRIAL JAMES HEARING TO DETERMINE ADMISSIBILITY OF ALLEGED CO-CONSPIRATOR STATEMENTS UNDER FEDERAL RULE OF EVIDENCE 801(d)(2)(E)

Defendant Maxwell Sterling Jensen respectfully moves this Court to hold a pretrial James hearing pursuant to Federal Rule of Evidence 801(d)(2)(E) to determine the admissibility of alleged co-conspirator statements the government intends to offer at trial. The indictment fails to sufficiently allege a conspiracy, and the government's case relies heavily on recorded statements and other evidence purportedly made by co-conspirators, but fails to show that there are any statements in furtherance of the conspiracy outside of the Source of Informaiton (SOIs) recorded statements. Under well-established Tenth Circuit precedent, before admitting such statements as non-hearsay, the Court must find by a preponderance of the evidence that (1) a conspiracy existed; (2) the declarant and Defendant Jensen were members of that conspiracy; and (3) the statements were made during and in furtherance of the conspiracy. The Tenth Circuit strongly prefers that these factual determinations be made in a James hearing outside the presence of the jury to avoid undue prejudice and ensure a fair trial. Given the government's failure to allege a

conspiracy in the indictment and the critical importance of these findings, a pretrial James hearing is necessary and appropriate here.

**FACTUAL BACKGROUND**

Maxwell Sterling Jensen is charged alongside co-defendants Thomas Rees, Christian Jesus Contreras-Varela, Christopher Ortega, and German Ortiz-Santillano in a criminal conspiracy involving the theft, storage, and interstate transportation of stolen crude oil. The government alleges that Jensen orchestrated a scheme to steal crude oil from pipelines in New Mexico, store it at a facility operated by co-defendant Rees under the business name Hound Dog Energy in Carlsbad, New Mexico, and sell the stolen oil in Texas.

The government's case relies heavily on recorded conversations between Jensen and a source of information who was cooperating with law enforcement but was not a member of the conspiracy. These recordings include discussions about the operation of the oil theft scheme, the roles of various participants, alleged methods to avoid detection, and financial arrangements. Jensen's companies, Big Hog Energy and Big Striker Energy, made substantial payments to Hound Dog Energy, and certain frac tanks used to store stolen oil are registered to Jensen's companies. Surveillance and tracking data corroborate the movement of stolen crude oil from New Mexico to Texas.

Criminal complaints, then indictments have been filed against Jensen and his co-defendants, charging them with conspiracy, interstate transportation of stolen property, aiding and abetting, and related offenses. The indictment alleges a conspiracy but does not detail the specific overt acts or the nature of the agreement in a manner sufficient to establish the predicate conspiracy for admitting co-conspirator statements.

The confidential source's involvement as a government informant raises issues regarding the admissibility of statements made to or by the source under Rule 801(d)(2)(E). The government's motion and exhibits indicate an intent to introduce numerous statements purportedly made by co-conspirators, making a pretrial determination of their admissibility critical to the fairness of the proceedings.

**SUMMARY OF ARGUMENT**

This motion presents four key arguments for why a pretrial James hearing is necessary in this case:

First, Federal Rule of Evidence 801(d)(2)(E) establishes specific requirements for admitting co-conspirator statements as non-hearsay. Under Tenth Circuit precedent, the Court must find by a preponderance of the evidence that: (1) a conspiracy existed; (2) both the declarant and the defendant were members of the conspiracy; and (3) the statements were made during and in furtherance of the conspiracy. These factual determinations are essential prerequisites to admissibility.

Second, the Tenth Circuit has expressed a strong preference for pretrial James hearings to make these determinations. While the Court has two procedural options—holding a James hearing or provisionally admitting statements subject to later "connection"—the former approach is strongly preferred because it prevents the prejudice that can occur when statements are provisionally admitted but later found inadmissible.

Third, the government must establish the existence of a conspiracy through independent evidence beyond the co-conspirator statements themselves. While this evidence need not be substantial, it must link the defendant to the conspiracy. The government's purported

independent evidence in this case—bank records, frac tank registrations, and surveillance observations—falls short of establishing the required elements of a conspiracy.

Fourth, statements made to or by the government's confidential source cannot qualify as co-conspirator statements under Rule 801(d)(2)(E) because the confidential source was not a member of the conspiracy. The Court must carefully distinguish between statements that might be admissible under other hearsay exceptions and those that the government improperly seeks to admit as co-conspirator statements.

Given these considerations, a pretrial James hearing is necessary to protect Mr. Jensen's rights and ensure that only properly admissible statements are presented to the jury. ARGUMENT

## I. LEGAL STANDARD FOR ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS UNDER RULE 801(d)(2)(E)

### A. The Three-Part Test for Admissibility

Federal Rule of Evidence 801(d)(2)(E) provides that a statement "made by the party's coconspirator during and in furtherance of the conspiracy" is not hearsay if it is offered against that party. USCS Fed Rules Evid R 801. This rule creates an exception to the general prohibition against hearsay evidence under Federal Rule of Evidence 802. *United States v. Sinclair*, 109 F.3d 1527 (10th Cir. 1997).

Before admitting such evidence, the court must determine that:

1. By a preponderance of the evidence, a conspiracy existed;

2. The declarant and the defendant were both members of the conspiracy; and

3. The statements were made in the course of and in furtherance of the conspiracy.

*United States v. Chavez*, 229 F.3d 946 (10th Cir. 2000), *United States v. Sinclair*, 109 F.3d 1527 (10th Cir. 1997).

This three-part test is consistently applied throughout Tenth Circuit jurisprudence. *United States v. Caro,* 965 F.2d 1548 (10th Cir. 1992), *United States v. Eads*, 191 F.3d 1206 (10th Cir. 1999). The court must make these factual determinations before allowing co-conspirator statements to be heard by the jury. *United States v. Nicholson*, 983 F.2d 983 (10th Cir. 1993).

**B. Preponderance of the Evidence Standard**

The court must find that each element of the three-part test is established by a preponderance of the evidence. *United States v. Remigio*, 767 F.2d 730 (10th Cir. 1985), *United States v. Hernandez*, 829 F.2d 988 (10th Cir. 1987). In *Bourjaily v. United States*, 483 U.S. 171, 107 S. Ct. 2775 (1987), the Supreme Court confirmed that the preponderance of the evidence standard is the applicable burden of proof for Rule 801(d)(2)(E) determinations. *See United States v. Hernandez*, 829 F.2d 988 (10th Cir. 1987). This standard requires the court to determine that it is more likely than not that a conspiracy existed, that the declarant and the defendant were members of the conspiracy, and that the statements were made during the course and in furtherance of the conspiracy. *United States v. Remigio*, 767 F.2d 730 (10th Cir. 1985).

**C. "In Furtherance of the Conspiracy" Requirement**

A statement is made in furtherance of a conspiracy when it is "intended to promote the conspiratorial objectives." *United States v. Rutland*, 705 F.3d 1238 (10th Cir. 2013), *United*

*States v. Townley*, 472 F.3d 1267 (10th Cir. 2007). The Tenth Circuit has identified several categories of statements that qualify as being in furtherance of a conspiracy:

1. Statements explaining events of importance to the conspiracy in order to facilitate its operation. *See Rutland* and *Townley*.

2. Statements between co-conspirators which provide reassurance, serve to maintain trust and cohesiveness among them, or inform each other of the current status of the conspiracy. *See Rutland* and *Townley*.

3. Statements identifying a fellow co-conspirator. *See Rutland* and *Townley*.

4. Discussions of future intent "that set transactions to the conspiracy in motion" or that maintain the flow of information among conspiracy members. *See Rutland* and *Townley*.

5. Importantly, mere "narrative declarations of past events" are not considered to be in furtherance of the conspiracy. *See Rutland*. The Tenth Circuit has clarified that statements relating to past events, even those connected with the operation of the conspiracy, do not qualify if they serve no immediate or future conspiratorial purpose.

## II. THE TENTH CIRCUIT'S STRONG PREFERENCE FOR PRETRIAL JAMES HEARINGS

### A. The Two Procedures for Determining Admissibility of Co-Conspirator Statements

Under Tenth Circuit law, a district court may employ one of two procedures to determine the admissibility of co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E). The court may either hold a James hearing outside the presence of the jury or provisionally admit the statements subject to the government later proving the existence of the predicate conspiracy

through trial testimony or other evidence. United States v. Gonzalez-Montoya, 161 F.3d 643 (10th Cir. 1998). A James hearing is a proceeding specifically designed to determine the admissibility of statements made by co-conspirators. *United States v. James*, 590 F.2d 575 (5th Cir.1979).

For co-conspirator statements to be admissible under Rule 801(d)(2)(E), the court must determine by a preponderance of the evidence that: (1) a conspiracy existed; (2) both the declarant and the defendant were members of the conspiracy; and (3) the statements were made in the course of and in furtherance of the conspiracy. *United States v. Chavez*, 229 F.3d 946 (10th Cir. 2000), *United States v. Sinclair*, 109 F.3d 1527 (10th Cir. 1997). These factual determinations must be made regardless of which procedural approach the court adopts. *United States v. Gonzalez-Montoya*, 161 F.3d 643 (10th Cir. 1998).

**B. The Tenth Circuit's Expressed Preference for James Hearings**

While both procedures are permissible, the Tenth Circuit has repeatedly emphasized "a strong preference for James proceedings." *United States v. Townley*, 472 F.3d 1267 (10th Cir. 2007). This preference has been consistently reiterated in numerous cases, including *United States v. Gonzalez-Montoya, United States v. Lopez-Gutierrez*, and United States v. Owens. *United States v. Townley*, 472 F.3d 1267 (10th Cir. 2007)(collecting cases). The court has described the James hearing as the "strongly preferred order of proof in determining the admissibility of an alleged coconspirator statement." *United States v. Sinclair*, 109 F.3d 1527 (10th Cir. 1997).

The Tenth Circuit's preference is so strong that it has stated that "a district court can only admit coconspirator statements if it holds a James hearing or conditions admission on forthcoming proof of a 'predicate conspiracy through trial testimony or other evidence. '" *United*

*States v. Townley*, 472 F.3d 1267 (10th Cir. 2007). This language underscores the importance the court places on ensuring that co-conspirator statements are properly vetted before being presented to the jury.

**C. Rationale Behind the Preference for James Hearings**

The Tenth Circuit's preference for James hearings is grounded in sound judicial policy. A primary reason for this preference is that it "eliminates the possibility of prejudice where the court admits the coconspirator's statement over objection, but the offering party subsequently fails to prove the underlying conspiracy." *Soto v. Jurado*, No. 97-2231, 1998 U.S. App. LEXIS 32686 (10th Cir. Dec. 31, 1998). Once a jury has heard inadmissible co-conspirator statements, the prejudice can be difficult, if not impossible, to cure through limiting instructions. The preferred order of proof requires the government to first introduce independent proof of the conspiracy and then connect the defendant to the conspiracy before admitting the co-conspirator's hearsay declarations. *United States v. Hernandez*, 829 F.2d 988 (10th Cir. 1987). This approach ensures that the foundation for admitting these statements is established before the jury is exposed to potentially prejudicial evidence.

Additionally, resolving admissibility issues before trial promotes judicial efficiency. When the court makes these determinations in advance, it prevents interruptions during trial and reduces the risk of mistrials or appeals based on improperly admitted evidence. This approach also better protects the defendant's right to a fair trial by ensuring that the jury only hears evidence that meets the requirements for admissibility.

### D. The Need for a James Hearing in This Case

Given the volume and significance of the alleged co-conspirator statements in Mr. Jensen's case, a pretrial James hearing is the most appropriate procedure. The government's case relies heavily on recorded conversations between Mr. Jensen and a confidential source, as well as statements allegedly made by co-conspirators. However, none of these statements are directly inculpatory as admitted by the United States at the Motion for Reconsideration of Bond by the United States'. These statements form a substantial part of the government's evidence, making it particularly important that their admissibility be determined before they are presented to the jury. Especially considering that the United States is inferring evidence rather than using direct incriminating statements. A James hearing would provide the appropriate forum for the government to present independent evidence of the conspiracy and for the court to make the necessary factual determinations before trial. This approach would protect Mr. Jensen's right to a fair trial and promote judicial efficiency by resolving these critical evidentiary issues in advance.

## III. THE GOVERNMENT MUST ESTABLISH THE EXISTENCE OF A CONSPIRACY BY INDEPENDENT EVIDENCE

### A. The Independent Evidence Requirement

Under Federal Rule of Evidence 801(d)(2)(E), statements made by a co-conspirator during and in furtherance of a conspiracy are not considered hearsay and may be admitted against a defendant. Before such statements may be admitted, however, the government must satisfy the three-part test established by the Tenth Circuit. The court must determine that: "(1) by a

preponderance of the evidence, a conspiracy existed, (2) the declarant and the defendant were both members of the conspiracy, and (3) the statements were made in the course of and in furtherance of the conspiracy." *United States v. Chavez*, 229 F.3d 946 (10th Cir. 2000), United *States v. Sinclair*, 109 F.3d 1527 (10th Cir. 1997).

While the Supreme Court in Bourjaily held that courts may consider the contents of the proffered co-conspirator statements themselves when making preliminary factual determinations about the conspiracy, the Tenth Circuit has consistently required some independent evidence of the conspiracy beyond the statements themselves. *United States v. Lopez-Gutierrez*, 83 F.3d 1235 (10th Cir. 1996).

The Tenth Circuit has specifically held that "there need only be some independent evidence linking the defendant to the conspiracy." *United States v. Lopez-Gutierrez*, 83 F.3d 1235 (10th Cir. 1996). This independent evidence is defined as "evidence other than the proffered [coconspirator] statements themselves." *See Lopez-Gutierrez*. Importantly, such independent evidence may be sufficient even when it is not "substantial." *See Lopez-Gutierrez.*

The independent evidence requirement serves as a critical safeguard against bootstrapping, where the government would otherwise be permitted to use the very statements it seeks to admit to establish their own admissibility. This requirement ensures that there is some corroboration of the conspiracy's existence beyond the hearsay statements themselves.

**B. Types of Qualifying Independent Evidence**

The Tenth Circuit has recognized various types of evidence that may qualify as independent evidence of a conspiracy. Testimony of a government agent regarding interactions or conversations with co-conspirators constitutes adequate independent evidence. *United States*

*v. Stein*, 985 F.3d 1254 (10th Cir. 2021). The Tenth Circuit has also held that "summary testimony of a government agent regarding other out of court detailed factual statements made by a coconspirator to the agent during an investigation" qualifies as independent evidence. *United States v. Lopez-Gutierrez*, 83 F.3d 1235 (10th Cir. 1996).

Additionally, a co-conspirator's testimony regarding "direct observations and contacts with defendant" qualifies as independent evidence. *United States v. Lopez-Gutierrez*, 83 F.3d 1235 (10th Cir. 1996). Circumstantial evidence alone can be sufficient to demonstrate the existence of a conspiracy and the interdependence among co-conspirators.

Physical evidence connecting the defendant to the conspiracy, financial records showing connections between alleged co-conspirators, and surveillance observations may all constitute independent evidence of a conspiracy.

**C. Elements Required to Establish a Conspiracy**

To prove a conspiracy, the government must demonstrate four essential elements. First, "that two or more persons agreed to violate the law." *United States v. Caldwell*, 589 F.3d 1323 (10th Cir. 2009). Second, "that the defendant knew at least the essential objectives of the conspiracy." *Id*. Third, "that the defendant knowingly and voluntarily became a part of it." *Id*. And fourth, "interdependence among co-conspirators." *Id.*

The interdependence element is particularly significant and has been described as "a focal point" of conspiracy analysis. *Id.* Interdependence exists where co-conspirators "inten[d] to act together for their shared mutual benefit within the scope of the conspiracy charged." *Id*. It

requires that "each co-conspirator's activities constituted essential and integral steps toward the realization of a common, illicit goal." *Id.*

Importantly, the interdependence element does not require "that the coconspirators know the identities or details of each scheme or have connections with all other members of the conspiracy." *Id.* A single act can be sufficient to demonstrate interdependence. *Id.*

**D. Analysis of the Government's Independent Evidence in This Case**

In the present case, the government has presented several pieces of evidence that may qualify as independent evidence of a conspiracy: bank records showing financial connections between Jensen's companies (Big Hog Energy and Big Striker Energy) and Hound Dog Energy (owned by co-defendant Thomas Rees), frac tank registrations showing tanks registered to Jensen's company, and surveillance observations of activities at the Carlsbad facility. While these pieces of evidence may suggest connections between the alleged co-conspirators, they fall short of establishing all four required elements of a conspiracy by a preponderance of the evidence. Especially as they are simply valid business records that fail to show any criminal actions or intent.

The bank records showing financial connections between Jensen's companies and Hound Dog Energy may suggest business relationships, but do not establish any agreement to violate the law. Legitimate business transactions often involve financial transfers between companies, and without more context, these records alone do not demonstrate the existence of an illicit agreement.

Similarly, the frac tank registrations showing tanks registered to Jensen's company merely establish ownership of equipment that is used for legitimate purposes in the oil industry,

the storage of oil. This evidence does not demonstrate knowledge of the essential objectives of a conspiracy, knowing and voluntary involvement in illegal activity, or interdependence among alleged co-conspirators.

The surveillance observations of activities at the Carlsbad facility are also ambiguous without additional context. The government has not specified what activities were observed or how they relate to the alleged conspiracy. Mere observations of business operations at an industrial facility do not establish the elements of a conspiracy. Even taking it a step further, a mere theft, does not implicate anyone without a link, which has not been raised by the proffered evidence.

Collectively, these pieces of evidence fail to establish by a preponderance of the evidence that a conspiracy existed, that Jensen and the alleged co-conspirators were members of that conspiracy, or that they acted interdependently in furtherance of a common illicit goal.

**E. Necessity of a James Hearing**

Given the deficiencies in the government's independent evidence, a James hearing is necessary before any co-conspirator statements may be admitted. The Tenth Circuit has expressed a "strong preference for *James* proceedings" to determine the admissibility of co-conspirator statements. *United States v. Townley*, 472 F.3d 1267 (10th Cir. 2007), *United States v. Gonzalez-Montoya*, 161 F.3d 643 (10th Cir. 1998). A James hearing would allow the court to make the necessary factual determinations outside the presence of the jury. *United States v. Sinclair*, 109 F.3d 1527 (10th Cir. 1997), *United States v. Owens*, 70 F.3d 1118 (10th Cir. 1995). The Tenth Circuit has described the James hearing as the "strongly preferred order of proof" for determining the admissibility of alleged co-conspirator statements. *United States v. Sinclair*, 109

F.3d 1527 (10th Cir. 1997). This procedure is preferred because it "eliminates the possibility of prejudice where the court admits the coconspirator's statement over objection, but the offering party subsequently fails to prove the underlying conspiracy." *Soto v. Jurado*, No. 97-2231, 1998 U.S. App. LEXIS 32686 (10th Cir. Dec. 31, 1998).

During a James hearing, the court would determine whether the government has established by a preponderance of the evidence that a conspiracy existed, that Jensen and the declarants were members of that conspiracy, and that the statements were made during the course and in furtherance of the conspiracy. *United States v. Gonzalez-Montoya*, 161 F.3d 643 (10th Cir. 1998), *United States v. Owens*, 70 F.3d 1118 (10th Cir. 1995). The court would consider both the independent evidence and the hearsay statements themselves in making these determinations.

## IV. STATEMENTS MADE TO OR BY GOVERNMENT INFORMANTS DO NOT QUALIFY AS CO-CONSPIRATOR STATEMENTS

### A. Requirements for Admissibility Under Rule 801(d)(2)(E)

For statements to be admissible under Federal Rule of Evidence 801(d)(2)(E), the government must satisfy three essential requirements. The court must determine by a preponderance of the evidence that: (1) a conspiracy existed; (2) both the declarant and the defendant were members of the conspiracy; and (3) the statements were made in the course of and in furtherance of the conspiracy. *United States v. Chavez*, 229 F.3d 946 (10th Cir. 2000), *United States v. Sinclair*, 109 F.3d 1527 (10th Cir. 1997). The Tenth Circuit has consistently applied this three-part test when reviewing the admission of coconspirator statements. *See Sinclair and Owens*.

The second requirement—that both the declarant and the defendant were members of the conspiracy—is particularly relevant to the present case. This requirement is not merely a procedural formality but a substantive prerequisite that ensures the reliability of the statements sought to be admitted. The Tenth Circuit has emphasized that for a statement to be admissible under Rule 801(d)(2)(E), the government must prove by a preponderance of the evidence that "the declarant and the defendant against whom the declaration is offered were members of the conspiracy." *United States v. Chavez*, 229 F.3d 946 (10th Cir. 2000), *United States v. Sinclair*, 109 F.3d 1527 (10th Cir. 1997).

**B. Government Informants Are Not Members of the Conspiracy**

A critical distinction must be made regarding the status of government informants or undercover agents in relation to a conspiracy. The law is clear that a government informant or undercover agent is not considered a member of a conspiracy for purposes of Rule 801(d)(2)(E). This principle is explicitly recognized in Tenth Circuit precedent, which states that "the fact that one party to a conversation is a government agent or informer does not of itself preclude the admission of statements by the other party, if he or she is a member of a conspiracy, under Fed. R. Evid. 801(d)(2)(E)." *United States v. Williamson*, 53 F.3d 1500 (10th Cir. 1995). The court further clarifies that "in deciding whether statements are admissible under Rule 801(d)(2)(E), the appropriate focus is on whether the statements were made by a member of the conspiracy, and not on whether the statements were made to a member of the conspiracy." *Id.*

This distinction is crucial because it establishes that while statements made by a conspirator to a government informant might be admissible under certain circumstances, the

reverse is not true—statements made by a government informant cannot qualify as co-conspirator statements because the informant is not a member of the conspiracy.

### C. Statements Made by Government Informants Are Not Admissible Under Rule 801(d)(2)(E)

Since a government informant is not a member of the conspiracy, statements made by such an informant cannot satisfy the second requirement for admissibility under Rule 801(d)(2)(E). The rule specifically requires that the declarant—the person making the statement—be a member of the conspiracy. *United States v. Chavez*, 229 F.3d 946 (10th Cir. 2000), *United States v. Sinclair*, 109 F.3d 1527 (10th Cir. 1997). When the declarant is a government informant who is not a member of the conspiracy, the statements fail to meet this essential requirement.

In the present case, the government seeks to introduce statements made by a source of information who was cooperating with law enforcement and was not a member of the conspiracy. These statements, regardless of their content or context, cannot qualify as co-conspirator statements under Rule 801(d)(2)(E) because the declarant (the confidential source) was not a member of the conspiracy.

### D. Statements Made to Government Informants: A Different Analysis

Statements made by the defendant, Mr. Jensen, to the government's confidential source require a different analysis. While such statements might be admissible under other provisions of the Federal Rules of Evidence, they do not qualify as co-conspirator statements under Rule 801(d)(2)(E). This is because the rule requires that both the declarant and the defendant be members of the conspiracy. *United States v. Chavez*, 229 F.3d 946 (10th Cir. 2000), *United*

*States v. Sinclair*, 109 F.3d 1527 (10th Cir. 1997). When Mr. Jensen made statements to the SOI, the recipient of those statements (the confidential source) was not a member of the conspiracy. Such statements by Mr. Jensen might be admissible as admissions by a party-opponent under Rule 801(d)(2)(A), but they cannot be admitted under the co-conspirator exception to the hearsay rule. USCS Fed Rules Evid R 801. This distinction is important because different rules govern the admissibility of statements under these separate provisions.

**E. Application to the Present Case**

In the present case, the government's case against Mr. Jensen relies heavily on recorded conversations between Mr. Jensen and a confidential source who was cooperating with law enforcement but was not a member of the conspiracy. The government intends to introduce these statements under Rule 801(d)(2)(E) as co-conspirator statements.

Based on the legal principles discussed above, these statements must be carefully categorized and analyzed:

1. Statements made by the confidential source to Mr. Jensen cannot be admitted under Rule 801(d)(2)(E) because the confidential source was not a member of the conspiracy.

2. Statements made by Mr. Jensen to the confidential source, while potentially admissible as admissions by a party-opponent under Rule 801(d)(2)(A), do not qualify as co-conspirator statements under Rule 801(d)(2)(E) because both parties to the conversation must be members of the conspiracy.

3. Only statements made between actual co-conspirators, where both the declarant and the defendant were members of the conspiracy, can potentially qualify for admission under Rule 801(d)(2)(E).

The government's attempt to introduce statements from conversations between Mr. Jensen and the confidential source under Rule 801(d)(2)(E) is therefore legally unsound and should be rejected by this Court.

**F. The Necessity of a James Hearing**

Given the complexity of these issues and the importance of properly categorizing the various statements the government seeks to introduce, a *James* hearing is necessary. The Tenth Circuit has expressed a "strong preference for *James* proceedings" when determining the admissibility of alleged co-conspirator statements. *United States v. Townley*, 472 F.3d 1267 (10th Cir. 2007), *United States v. Gonzalez-Montoya*, 161 F.3d 643 (10th Cir. 1998). A James hearing would allow the Court to make the necessary factual determinations regarding: (1) the existence of a conspiracy; (2) the membership of the declarants and the defendant in that conspiracy; and (3) whether the statements were made in the course of and in furtherance of the conspiracy. *United States v. Gonzalez-Montoya*, 161 F.3d 643 (10th Cir. 1998), *United States v. Owens*, 70 F.3d 1118 (10th Cir. 1995).

The Tenth Circuit has emphasized that a district court can only admit coconspirator statements if it holds a James hearing or conditions admission on forthcoming proof of a "predicate conspiracy through trial testimony or other evidence." United States v. Townley, 472 F.3d 1267 (10th Cir. 2007). Given the government's reliance on statements involving a confidential source who was not a member of the conspiracy, a James hearing is particularly important to ensure that only properly admissible statements are presented to the jury.

During such a hearing, the Court should carefully distinguish between:

1. Statements made between actual co-conspirators, which might be admissible under Rule 801(d)(2)(E) if all other requirements are met;

2. Statements made by Mr. Jensen to the confidential source, which might be admissible under Rule 801(d)(2)(A) but not under Rule 801(d)(2)(E); and

3. Statements made by the confidential source to Mr. Jensen, which are not admissible under Rule 801(d)(2)(E) and must be evaluated under other hearsay exceptions, if applicable.

**CONCLUSION**

For the foregoing reasons, Defendant Maxwell Sterling Jensen respectfully requests that this Court conduct a pretrial James hearing to determine, by a preponderance of the evidence, whether a conspiracy existed, whether the declarants and Defendant Jensen were members of that conspiracy, and whether the statements at issue were made during and in furtherance of the conspiracy before admitting any alleged co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E).

*/s/ Brock Benjamin*

BROCK BENJAMIN
Attorney for Defendant
New Mexico Bar No. 141535
1013 E. San Antonio Ave.
El Paso, Texas 79901
Tel: 915-412-5858
Fax: 915-503-2224
E-Mail: brock@brockmorganbenjamin.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the 13th day of January, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and service to all CM/ECF registrants.

s/ *Brock Benjamin*____________________
BROCK BENJAMIN