**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CAUSE NO. 5:25-cr-04750-MIS** |
| | § | |
| **MAXWELL JENSEN** | § | |
| | § | |
| **Defendant.** | § | |

**MOTION FOR PRODUCTION OF BRADY AND**
**OTHER EXCULPATORY MATERIALS BY THE UNITED STATES**

The United States has an affirmative obligation under *Brady v. Maryland*, 373 U.S. 83 (1963), to disclose exculpatory evidence that is material to the guilt or punishment of the defendant. This obligation extends to evidence that may impeach the credibility of government witnesses or otherwise aid the defense. The prosecution's duty to disclose such evidence is not contingent on a specific request from the defense, and the failure to disclose material evidence violates the defendant's due process rights, regardless of whether the suppression was intentional or inadvertent . *United States v. Miller*, 250 F.R.D. 588 (D.Kan. 2008); *Fontenot v. Crow*, 4 F.4th 982 (10th Cir. 2021), *Douglas v. Workman*, 560 F.3d 1156 (10th Cir. 2009).

In this case, the government disclosed the post-arrest interview of Christian Contreras only recently, despite having it in its possession since September 2025.[1] This delay in disclosure is significant because the interview contains significant exculpatory information. Specifically, Christian Contreras mentioned that Maxwell Jensen's alleged co-conspirators, "Tom and Chris," were "buyers of oil" but did not mention or suggest that they had any knowledge it was stolen.

[1] The interview was conducted on August 27, 2025.

Additionally, Christian stated that Carlos and Edgar Contreras (his nephews) were "in charge," and there is a belief that Christian and Carlos were involved in the alleged activities before the allegations against Maxwell. This information could undermine the prosecution's case and support the defense's theory of innocence or reduced culpability. *See Miller, Fontenot and Workman*. This is especially true as it directly contradicts the United State's theory that they have repeatedly espoused in court, despite having Mr. Contreras interview in their possession.[2]

The defense argues that the delayed disclosure of this interview has prejudiced Maxwell Jensen's ability to prepare his defense. The defendant has an investigator, Jim Laws, but until reviewing the recently provided materials has been repeatedly told that only Maxwell was the leader, not Carlos, Edgar and a Danny identified as such by Christian in his interview. The United States has repeatedly in motions in this court and the United States Court of Appeals for the 10th Circuit represented all information pointed to Mr. Maxwell, not that a co-conspirator identified someone else stating that "they were in charge." It has essentially delayed investigation in the proper direction (or actively misdirected)- away from Contreras and his other named compatriots.

Under Brady, evidence is material if there is a reasonable probability that its earlier disclosure would have affected the outcome of the trial. The defense should emphasize that the information in the interview could create reasonable doubt about Maxwell's guilt or reduce his culpability, particularly given the lack of evidence that anyone has claimed ownership of the

[2] More specifically, the United States was asked about incriminating statements or other statements and dodged that question as opposed to disclosing in November that they had directly contradictory information in their possession. For purposes of this argument the case agent was consulted and as far as the record is concerned did not provide that information.

allegedly stolen oil or that there is a complaining witness identified to date. *United States v. Garcia-Martinez*, 730 Fed. Appx. 665 (10th Cir. 2018).

Furthermore, the defense requests the court compel the government to disclose any additional exculpatory evidence in its possession, including interviews or records from entities such as M.I.S LLC (identified in the criminal complaint on August 27, 2025), Plains All American Pipeline (identified in the same) and 9G Trucking Service (identified in a filing by the case agent). The government has a duty to learn of and disclose any favorable evidence known to others acting on its behalf, including law enforcement agencies and other entities involved in the investigation.[3] The defense also requests an in-camera review of the government's files to ensure compliance with Brady obligations, as courts have held that a plausible showing of material exculpatory evidence justifies such a review . *United States v. Garcia-Martinez*, 730 Fed. Appx. 665 (10th Cir. 2018). The information that has been identified is Brady material in that-

1) The government suppressed the information for approximately six (6) months while representing something contrary to the Court.
2) The evidence is favorable in that it identifies a "leader" and that is not Maxwell Jensen. Further it identifies two other co-conspirators as "buyers" at least once in an unqualified manner.
3) The above evidence is material in that it exonerates or at least severely impacts the sole story that the United States has represented. As counsel suggested at the bond hearing,

[3] Counsel has not seen any reports from the other agencies, but they include Pecos Valley Drug Task Force (PVDTF). This is important as the United States has referenced Lease Automatic Custody Transfer (LACT) information that would be in the hands of a commercial operator. But Counsel has not seen anything produced.

their version does not hold any water and they have no produced statements that identify support for their theory among the codefendants.

In conclusion, the government's delayed disclosure of Christian Contreras's interview violates *Brady*, its progeny and has prejudiced Maxwell Jensen's defense. The defendant requests the court to compel the disclosure of additional exculpatory evidence, conduct an in-camera review, and impose appropriate remedies or sanctions to address the prejudice caused by the government's actions.

*/s/ Brock Benjamin*
BROCK BENJAMIN
Attorney for Defendant
New Mexico Bar No. 141535
1013 E. San Antonio Ave.
El Paso, Texas 79901
Tel: 915-412-5858
Fax: 915-503-2224
E-Mail: brock@brockmorganbenjamin.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the 28th day of January, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and service to all CM/ECF registrants.

s/ *Brock Benjamin*
BROCK BENJAMIN