FILED
U.S. DISTRICT COURT
DISTRICT OF NEW MEXICO
2026 FEB 18 PM 5:29
CLERK-LAS CRUCES

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>**MAXWELL STERLING JENSEN,**<br>**THOMAS REES,**<br>**CHRISTIAN JESUS CONTRERAS-VARELA,**<br>**CHRISTOPHER ORTEGA,**<br>**GERMAN ORTIZ-SANTILLANO,**<br>**CARLOS CONTRERAS,**<br>**OBED LOPEZ,** and<br>**SAMUEL CARDONA-QUEZADA,**<br><br>Defendants. | CRIMINAL NO. 25-CR-04750-MIS<br><br>Count 1: 18 U.S.C. § 371: Conspiracy;<br><br>Count 2: 18 U.S.C. § 2314: Interstate Transportation of Stolen Property; 18 U.S.C. § 3147(1): Penalty for Offense Committed While on Release; 18 U.S.C. § 2: Aiding and Abetting;<br><br>Count 3: 18 U.S.C. § 1956(h): Conspiracy to Launder Money;<br><br>Counts 4, 5, and 9: 18 U.S.C. § 2314: Interstate Transportation of Stolen Property; 18 U.S.C. § 2: Aiding and Abetting;<br><br>Counts 6-8: 18 U.S.C. § 1956(a)(1)(B)(i): Laundering of Monetary Instruments;<br><br>Count 10: 18 U.S.C. §§ 922(g)(5) and 924: Alien in Possession of a Firearm. |

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### Count 1

From on or about March 12, 2025, and continuing to on or about August 22, 2025, in Eddy County, in the District of New Mexico, and elsewhere, the defendants, **MAXWELL STERLING JENSEN, THOMAS REES, CHRISTIAN JESUS CONTRERAS-VARELA, CHRISTOPHER ORTEGA**, **GERMAN ORTIZ-SANTILLANO, CARLOS CONTRERAS, OBED LOPEZ,** and **SAMUEL CARDONA-QUEZADA**, knowingly, and unlawfully, combined, conspired, confederated, agreed, and acted interdependently with each other and with

other persons whose names are known and unknown to the Grand Jury to commit interstate transportation of stolen property, contrary to 18 U.S.C. § 2314.

The Manner and Means of the Conspiracy

The manner and means by which the defendants, **MAXWELL STERLING JENSEN, THOMAS REES, CHRISTIAN JESUS CONTRERAS-VARELA, CHRISTOPHER ORTEGA**, **GERMAN ORTIZ-SANTILLANO, CARLOS CONTRERAS, OBED LOPEZ,** and **SAMUEL CARDONA-QUEZADA**, sought to accomplish the objectives of the conspiracy included, among other things, the following:

1. Targeting oil production companies in New Mexico, and elsewhere, to commit thefts of crude oil.

2. Paying employees of oil production companies to actively assist in or passively permit the thefts of crude oil.

3. Utilizing vacuum trucks to unlawfully obtain the oil.

4. Storing the stolen crude oil at 4154 7 Rivers Highway, Carlsbad, New Mexico, prior to selling it.

5. Selling the stolen crude oil and causing it to move from New Mexico to Texas.

6. Receiving payments for their actions in furtherance of the conspiracy via electronic transfers and U.S. currency.

Overt Acts

In furtherance of the conspiracy, and to affect the objects thereof, the following overt acts, among others, were committed in the District of New Mexico, and elsewhere:

Overt Act One

On or about March 12, 2025, Maxwell Sterling Jensen knowingly financially supported Hound Dog Energy's storage of stolen oil by transferring $7,500 to Hound Dog Energy.

Overt Act Two

On or about March 27, 2025, Maxwell Sterling Jensen knowingly financially supported Hound Dog Energy's storage of stolen oil by transferring $4,500 to Hound Dog Energy.

Overt Act Three

On or about March 31, 2025, Maxwell Sterling Jensen knowingly financially supported Hound Dog Energy's storage of stolen oil by transferring $4,900 to Hound Dog Energy.

Overt Act Four

On or about April 3, 2025, Maxwell Sterling Jensen knowingly financially supported Hound Dog Energy's storage of stolen oil by transferring $15,000 to Hound Dog Energy.

Overt Act Five

On or about April 9, 2025, Maxwell Sterling Jensen knowingly financially supported Hound Dog Energy's storage of stolen oil by transferring $9,450 to Hound Dog Energy.

Overt Act Six

On or about April 9, 2025, Maxwell Sterling Jensen knowingly financially supported Hound Dog Energy's storage of stolen oil by transferring $40,000 to Hound Dog Energy.

Overt Act Seven

On or about April 16, 2025, Maxwell Sterling Jensen knowingly financially supported Hound Dog Energy's storage of stolen oil by transferring $30,000 to Hound Dog Energy.

Overt Act Eight

On or about April 17, 2025, Maxwell Sterling Jensen knowingly financially supported Hound Dog Energy's storage of stolen oil by transferring $9,000 to Hound Dog Energy.

Overt Act Nine

On or about April 17, 2025, Maxwell Sterling Jensen knowingly financially supported Hound Dog Energy's storage of stolen oil by transferring $5,000 to Hound Dog Energy.

Overt Act Ten

From on or about April 21, 2025, and continuing to on or about August 22, 2025, Thomas Rees was the sole owner of a business named Hound Dog Energy, which stored stolen crude oil at 4154 7 Rivers Highway, Carlsbad, New Mexico.

Overt Act Eleven

On or about April 23, 2025, Maxwell Sterling Jensen knowingly financially supported Hound Dog Energy's storage of stolen oil by transferring $13,419 to Hound Dog Energy.

Overt Act Twelve

On or about April 23, 2025, Maxwell Sterling Jensen knowingly financially supported Hound Dog Energy's storage of stolen oil by transferring $40,000 to Hound Dog Energy.

Overt Act Thirteen

From on or about June 2025, and continuing to on or about August 22, 2025, Christopher Ortega managed the Hound Dog Energy oil storage facility.

Overt Act Fourteen

On June 9, 2025, Hound Dog Energy wrote a check to Christian Contreras-Varela for $4,830.

Overt Act Fifteen

On or about June 18, 2025, Maxwell Sterling Jensen knowingly financially supported Hound Dog Energy's storage of stolen oil by transferring $15,000 to Hound Dog Energy.

Overt Act Sixteen

On June 24, 2025, Hound Dog Energy received $21,600 for the sale of stolen oil.

Overt Act Seventeen

On June 27, 2025, Hound Dog Energy wrote a check to Christopher Ortega for $950.

Overt Act Eighteen

On June 30, 2025, Hound Dog Energy received $54,919 for the sale of stolen oil.

Overt Act Nineteen

On July 3, 2025, Hound Dog Energy wrote a check to Christopher Ortega for $950.

Overt Act Twenty

On or about July 13, 2025, Maxwell Sterling Jensen explained to a source of information that he sent 25% of profits from his oil operation to Thomas Rees.

Overt Act Twenty-One

On July 17, 2025, Hound Dog Energy received $12,500 for the sale of stolen oil.

Overt Act Twenty-Two

On July 18, 2025, Hound Dog Energy received $41,065 for the sale of stolen oil.

Overt Act Twenty-Three

On July 22, 2025, Hound Dog Energy received $9,854 for the sale of stolen oil.

Overt Act Twenty-Four

On or about July 22, 2025, German Ortiz-Santillano, Obed Lopez, and Samuel Cardona-Quezada, employees of Plains All American Pipelines (hereinafter "PAAP"), assisted and/or permitted members of the conspiracy to remove crude oil from a pipeline without compensating PAAP.

Overt Act Twenty-Five

On or about July 30, 2025, Christian Jesus Contreras-Varela assisted co-conspirators in stealing crude oil from PAAP using a vacuum truck and delivered the oil to the Hound Dog Energy oil storage facility located at 4154 7 Rivers Highway, Carlsbad, New Mexico.

Overt Act Twenty-Six

On July 31, 2025, Hound Dog Energy received $52,722 for the sale of stolen oil.

Overt Act Twenty-Seven

On August 8, 2025, Hound Dog Energy wrote a check to Carlos Contreras for $14,040.

Overt Act Twenty-Eight

On August 11, 2025, Hound Dog Energy received $93,123 for the sale of stolen oil.

Overt Act Twenty-Nine

On August 18, 2025, Hound Dog Energy received $57,000 for the sale of stolen oil.

Overt Act Thirty

On August 19, 2025, Hound Dog Energy received $20,000 for the sale of stolen oil.

Overt Act Thirty-One

On or about August 21, 2025, Carlos Contreras stole crude oil from PAAP using a vacuum truck and delivered the oil to the Hound Dog Energy oil storage facility located at 4154 7 Rivers Highway, Carlsbad, New Mexico.

In violation of 18 U.S.C. § 371.

Count 2

On or about June 18, 2025, in Eddy County, in the District of New Mexico, the defendant, **MAXWELL STERLING JENSEN**, unlawfully transported, transmitted, and transferred in interstate commerce, stolen goods, wares and merchandise, specifically, crude oil, in the value of $5,000 and more, knowing the same to have been stolen, converted, and taken by fraud, while released under Chapter 207 of Title 18 United States Code, specifically, pursuant to an Oral Order dated May 9, 2025, from the United States District Court for the Southern District of Texas, Case No. 1:25-cr-00257.

In violation of 18 U.S.C. §§ 2314 and 3147(1), and 18 U.S.C. § 2.

Count 3

From on or about June 18, 2025, and continuing to on or about August 22, 2025, in Eddy County, in the District of New Mexico, and elsewhere, the defendants, **THOMAS REES** and **CARLOS CONTRERAS**, knowingly combined, conspired, confederated, agreed, and acted interdependently with each other and with other persons known and unknown to the Grand Jury to commit certain offenses defined in 18 U.S.C. §§ 1956 and 1957, as follows:

a. Conducted and attempted to conduct financial transactions in interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, interstate transportation of stolen property as defined in 18 U.S.C. § 2314, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and knowing, while conducting and attempting to conduct such financial transactions, that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and

b. Knowingly engaged, attempted to engage, and caused and aided or abetted others in engaging in monetary transactions by, through, or to a financial institution, affecting interstate commerce, in criminally-derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, the transportation of stolen goods as defined in 18 U.S.C. § 2314, in violation of 18 U.S.C. § 1957.

The Manner and Means of the Conspiracy

The manner and means by which the defendants, **THOMAS REES** and **CARLOS CONTRERAS**, sought to accomplish the objectives of the conspiracy included, among other things the following:

1. Thomas Rees and Carlos Contreras, including entities they controlled, engaged in financial transactions that involved proceeds of stolen oil, obtained fraudulently through the scheme described in Overt Acts 1-31 of Count 1 of this Superseding Indictment.

2. Thomas Rees and Carlos Contreras conspired to engage in financial transactions for the purpose of receiving and transferring the proceeds of the transportation of stolen goods scheme into accounts owned and controlled by Thomas Rees and Carlos Contreras, including Hound Dog Energy and ABC&M, in a manner designed to disguise and conceal, among other things: (a) the nature of those proceeds, namely, that they were obtained via the transportation of stolen goods scheme; (b) the source of those proceeds, namely, that they came from oil stolen out of an existing pipeline; and (c) the true ownership of those criminally derived proceeds.

3. Thomas Rees and Carlos Contreras used Hound Dog Energy and ABC&M, respectively, to conceal the nature of the source of the funds, i.e., illicit funds from stolen oil, and cause the funds to appear to be from legitimate business transactions.

In violation of 18 U.S.C. § 1956(h).

Count 4

On or about July 22, 2025, in Eddy County, in the District of New Mexico, the defendants, **GERMAN ORTIZ-SANTILLANO, OBED LOPEZ,** and **SAMUEL CARDONA-QUEZADA**, unlawfully transported, transmitted, and transferred in interstate commerce, stolen goods, wares and merchandise, specifically, crude oil, in the value of $5,000 and more, knowing the same to have been stolen, converted, and taken by fraud.

In violation of 18 U.S.C. §§ 2314 and 2.

Count 5

On or about July 30, 2025, in Eddy County, in the District of New Mexico, the defendants, **THOMAS REES, CHRISTIAN JESUS CONTRERAS-VARELA,** and **CHRISTOPHER ORTEGA**, unlawfully transported, transmitted, and transferred in interstate commerce, stolen goods, wares and merchandise, specifically, crude oil, in the value of $5,000 and more, knowing the same to have been stolen, converted, and taken by fraud.

In violation of 18 U.S.C. §§ 2314 and 2.

Count 6

On or about August 11, 2025, in Eddy County, in the District of New Mexico, and elsewhere, the defendant, **THOMAS REES**, conducted and attempted to conduct a financial transaction and series of financial transactions affecting interstate commerce, namely receiving $93,213 into Wells Fargo account ending in #4206, which in fact involved the proceeds of specified unlawful activity, namely interstate transportation of stolen property, contrary to 18 U.S.C. § 2314, knowing that the financial transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of unlawful activity.

In violation of 18 U.S.C. § 1956(a)(1)(B)(i).

Count 7

On or about August 13, 2025, in Eddy County, in the District of New Mexico, and elsewhere, the defendants, **THOMAS REES** and **CARLOS CONTRERAS**, conducted and attempted to conduct a financial transaction and series of financial transactions affecting interstate commerce, namely wiring $19,565 from Wells Fargo account ending in #4206 into Wells Fargo account ending in #1525, which in fact involved the proceeds of specified unlawful activity, namely

interstate transportation of stolen property, contrary to 18 U.S.C. § 2314, knowing that the financial transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of unlawful activity.

In violation of 18 U.S.C. § 1956(a)(1)(B)(i).

Count 8

On or about August 13, 2025, in Eddy County, in the District of New Mexico, and elsewhere, the defendant, **CARLOS CONTRERAS**, conducted and attempted to conduct a financial transaction and series of financial transactions affecting interstate commerce, namely wiring $22,000 from Wells Fargo account ending in #1525 into Wells Fargo account ending in #2457, which in fact involved the proceeds of specified unlawful activity, namely interstate transportation of stolen property, contrary to 18 U.S.C. § 2314, knowing that the financial transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of unlawful activity.

In violation of 18 U.S.C. § 1956(a)(1)(B)(i).

Count 9

On or about August 21, 2025, in Eddy County, in the District of New Mexico, the defendants, **THOMAS REES, CARLOS CONTRERAS,** and **CHRISTOPHER ORTEGA**, unlawfully transported, transmitted, and transferred in interstate commerce, stolen goods, wares and merchandise, specifically, crude oil, in the value of $5,000 and more, knowing the same to have been stolen, converted, and taken by fraud.

In violation of 18 U.S.C. §§ 2314 and 2.

Count 10

On or about August 27, 2025, in Eddy County, in the District of New Mexico, the defendant, **CHRISTIAN JESUS CONTRERAS-VARELA**, knowing that he was an alien illegally and unlawfully in the United States, knowingly possessed a firearm in and affecting commerce.

In violation of 18 U.S.C. §§ 922(g)(5) and 924.

FORFEITURE ALLEGATION

Upon conviction of any offense in violation of 18 U.S.C. § 1956, the defendants, **THOMAS REES** and **CARLOS CONTRERAS**, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

1. MONEY JUDGMENT

A sum of money representing property involved in the offenses set forth in the Counts of conviction and any property traceable to such property.

2. PERSONAL PROPERTY

   a. The funds in Hound Dog Energy Wells Fargo Account ending in #4206.

   b. The funds in ABC&M LLC Wells Fargo Account ending in #1525.

   c. The funds in Carlos Contreras Wells Fargo Account ending in #2457.

If any of the property described above, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

A TRUE BILL:

/s/

FOREPERSON OF THE GRAND JURY

Assistant United States Attorney

*RCW 2/17/2026*