**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CAUSE NO. 5:25-cr-04750-MIS** |
| | § | |
| **MAXWELL JENSEN** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT MAXWELL STERLING JENSEN'S REPLY IN SUPPORT OF MOTION FOR PRETRIAL JAMES HEARING**

## INTRODUCTION

The Government's response fails to address the evidentiary deficiency that necessitates a pretrial *James* hearing. Statements 1–13 do not mention Jensen, do not involve the Confidential Informant (hereinafter, "CI"), and were not made by any declarant whose conspiracy membership the government has connected to Jensen. The government relies on the CI as a bridge between Jensen and those statements, but the CI is not a conspirator. That concession is fatal. A non-conspirator cannot satisfy the membership prong of Rule 801(d)(2)(E), and Jensen's recorded statements to the CI are party-opponent admissions under Rule 801(d)(2)(A)—they do not render admissible the operational communications of unrelated third parties.

A pretrial *James* hearing is necessary to require the government to make the showing Rule 801(d)(2)(E) demands: a statement-by-statement proffer establishing, by independent evidence, that Jensen was a member of the specific conspiracy reflected in each statement sought to be admitted.

## ARGUMENT

## I. THE GOVERNMENT HAS NOT ESTABLISHED JENSEN'S MEMBERSHIP IN THE CONSPIRACIES REFLECTED IN STATEMENTS 1–13

### A. The Legal Standard

Rule 801(d)(2)(E) requires the court to find by a preponderance of the evidence: (1) a conspiracy existed; (2) the declarant and the defendant were both members of the conspiracy; and (3) the statement was made during and in furtherance of the conspiracy. *United States v. Sinclair*, 109 F.3d 1527, 1533 (10th Cir. 1997); *United States v. Rutland,* 705 F.3d 1238, 1248 (10th Cir. 2013). The co-conspirator statements themselves do not establish the conspiracy or the defendant's participation in it—independent evidence is required. *Bourjaily v. United States*, 483 U.S. 171, 180–81 (1987); *United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1242 (10th Cir. 1996). The Tenth Circuit strongly prefers a pretrial *James* hearing to make these determinations outside the jury's presence. *United States v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007).

### B. Statements 1–13 Contain No Evidence of Jensen's Participation

In its Response to Defendant's original motion, the Government submits for the Court's review "a table of the identified statements" for consideration in any *James* hearing. Pursuant to the three-part test set forth by the 10th Circuit under *Sinclair,* it is presumed those statements are being offered to show that "a conspiracy existed" and that the activity being undertaken was so done "in furtherance of the conspiracy." Defendant would hold that those statements do not involve him, nor do they point to his involvement or participation in any alleged conspiracy, much less do they point to his involvement in a potential *separate* conspiracy involving the co-defendants. Not one of the statements offered by the Government in Exhibit #1 mention Jensen, nor do they involve the CI. As will be set forth below, Statements 1–6 and 12 are Ortega-Contreras communications about loads and tank placement. Statements 7–11 are Ortega-Rees

communications about inventory and payments. Statement 13 is WhatsApp coordination among PAAP employees.

To establish membership, the government must show Jensen was aware of the conspiracy's common purpose, willingly participated, and intended to advance it. *Rutland,* 705 F.3d at 1251. Moreover, to prove a conspiracy, "the government must demonstrate: (1) that two or more persons agreed to violate the law, (2) that the defendant knew at least the essential objectives of the conspiracy, (3) that the defendant knowingly and voluntarily became a part of it, and (4) that the alleged coconspirators were interdependent." *United States v. Caldwell*, 589 F.3d 1323, 1329 (10th Cir. 2009). Interdependence exists where "co-conspirators 'inten[d] to act together for their shared mutual benefit within the scope of the conspiracy charged.'" *See id. (quoting United States v. Evans,* 970 F.2d 663, 671 (10th Cir.1992)). Mere presence of one common co-conspirator among multiple criminal conspiracies will not establish interdependence. *See United States v. Leal*, 921 F.3d 951, 961 (10th Cir. 2019) (*citing United States v. Sasser,* 974 F.2d 1544, 1550 (10th Cir. 1992)).

The government's evidence—CI recordings, bank records, tank registrations, surveillance—may show Jensen had a relationship with Rees or Ortega, but it does not show that Jensen's activities were essential and integral steps toward the realization of each declarant's criminal objective. *United States v. Edwards*, 69 F.3d 419, 432 (10th Cir. 1995). The government has not made that showing, and Statements 1–13 cannot be admitted against Jensen on the current record.

## II. STATEMENTS 1–13 REFLECT MULTIPLE CONSPIRACIES, NOT A SINGLE CONSPIRACY ENCOMPASSING JENSEN

Rule 801(d)(2)(E) is conspiracy-specific. "In order for statements to be admissible under Rule 801(d)(2)(E), the proponent of the evidence must establish, by a preponderance of the evidence, that: (1) a conspiracy existed; (2) the declarant and the defendant were both members of the conspiracy; and (3) the statements were made during the course of, and in furtherance of, the conspiracy." *United States v. Lahue,* 261 F.3d 993, 1008 (10th Cir. 2001)(quoting *United States v. Williamson*, 53 F.3d 1500, 1517-18 (10th Cir. 1995)). *See United States v. Ramirez*, 479 F.3d 1229, 1248 fn 11 (10th Cir. 2007) These cases reiterate that the declarant and the defendant must be members of *the same* conspiracy—not merely participants in overlapping or related schemes. If a statement was made in furtherance of a different conspiracy, or a conspiracy the defendant did not join, the foundational requirement fails.

The record reflects four distinct clusters of conduct: (1) PAAP employee coordination (Statement 13); (2) Ortega-Contreras operational texts (Statements 1–6, 12); (3) Ortega-Rees operational and payment texts (Statements 7–11); and (4) Jensen's alleged role, described through CI interactions and financial evidence. The government has not shown that these clusters are interdependent or share a single unified criminal objective.

Separate spokes meeting at a common center constitute a wheel conspiracy only if enclosed by a rim—a shared, single criminal objective. *United States v. Evans*, 970 F.2d 663, 670-71 (10th Cir. 1992). Individuals who deal with a common central player are not thereby confederates. *Kotteakos v. United States*, 328 U.S. 750, 755 (1946). Interdependence requires that each co-conspirator's activities facilitate the endeavors of the others or the venture as a whole. *United States v. Carnagie*, 533 F.3d 1231, 1238 (10th Cir. 2008); *Caldwell*, 589 F.3d at 1329. The government has made no such showing as to Jensen.

The government's own concession that Count 3 (money laundering) applies only between Contreras and Rees confirms that not all defendants share a unified conspiracy for all purposes.[1] If Jensen was not a party to that conspiracy, statements made in furtherance of it are inadmissible against him regardless of his alleged involvement in other conduct. A court may not uphold admission of co-conspirator statements by piling inference upon inference. *United States v. Anderson*, 189 F.3d 1201, 1205 (10th Cir. 1999).

Statement 13 illustrates the problem facing the Government. The PAAP insiders' objective—unauthorized access to PAAP infrastructure—is distinct from the oil distribution activities in Statements 1–12. The government has not alleged that Jensen was a member of the PAAP insider conspiracy or that the PAAP insiders' success depended on his participation. This criminal activity exists on its own as a separate and distinct criminal conspiracy. Statement 13 must therefore be excluded as to Jensen.

## III. THE CI CANNOT BRIDGE JENSEN TO STATEMENTS 1–13

The government's theory depends on the CI as connective tissue: Jensen spoke to the CI; the CI interacted with the other actors; therefore, the other actors' statements are admissible against Jensen. This chain fails at every link.

First, the CI is not a conspirator—the government concedes this. A non-conspirator cannot satisfy the membership prong of Rule 801(d)(2)(E). The CI cannot be the declarant of a co-conspirator statement. The CI's non-membership is fatal to any attempt to use the CI as a bridge.

Second, Jensen's statements to the CI are party-opponent admissions under Rule 801(d)(2)(A), admissible only against Jensen. They do not transform unrelated third-party statements into co-conspirator statements. Statements 1–13 were made entirely among other

[1] In discussions regarding the designation of the IRS agent, the United States has represented that the agent's testimony will be directed at Rees and Ortega and is not relevant to Jensen as it only applies to Count 3.

actors, without Jensen and without the CI. They require independent evidence linking Jensen to the specific conspiracy for which each is offered. *Lopez-Gutierrez*, 83 F.3d at 1242; *Bourja ily*, 483 U.S. at 180–81.

Third, the government's approach—using CI-mediated conversations to paint a broad narrative and then importing third-party operational statements without proving Jensen's membership in each declarant's conspiracy—constitutes impermissible bootstrapping. The result would be admission of statements against Jensen based solely on the fact that he communicated with a non-conspirator. Rule 801(d)(2)(E) does not permit this.

## IV. THE JAMES FINDINGS BEAR DIRECTLY ON RECONSIDERATION OF SEVERANCE UNDER RULE 14(a)

The Court denied Mr. Jensen's prior severance motion at ECF Nos. 187 and 188; the *James* inquiry has not yet been conducted. Depending on the Court's foundational findings, the analytic posture for severance may shift. If the Court finds that particular co-conspirator statements are admissible against one or more co-defendants but *not* against Mr. Jensen — most notably the PAAP-insider WhatsApp chain (Statement 13) and the August 21 in-person recording (Statement 14) — the jury will still hear those statements and be asked to compartmentalize. *Zafiro* recognized that limiting instructions generally suffice, but it equally recognized that severance is required where a joint trial would compromise a specific trial right or prevent reliable jury judgment. *Zafiro v. United States*, 506 U.S. 534, 539 (1993). And a *James* finding that the PAAP-insider arm and the Carlsbad-yard arm are not components of a single conspiracy as to Mr. Jensen is a substantial new fact that bears on the Rule 8(b) / Rule 14(a) joinder calculus. *See United States v. Olsen*, 519 F.3d 1096, 1102-1103 (10th Cir. 2008). Mr. Jensen does not, in this Reply, ask the Court to reopen ECF Nos. 187/188. He asks only that the Court enter *James* findings statement-by-statement and

defendant-by-defendant, with sufficient specificity to permit any subsequent Rule 14(a) reconsideration to be resolved on a complete record.

## CONCLUSION

Defendant Maxwell Sterling Jensen respectfully requests that the Court:

1. Grant the Motion for Pretrial *James* Hearing and conduct that hearing outside the jury's presence;
2. Require the government to provide a statement-by-statement proffer identifying: (a) which charged conspiracy each statement is offered to prove; (b) independent evidence that Jensen was a member of that specific conspiracy; and (c) evidence that the statement was made during and in furtherance of that conspiracy;
3. Exclude Statements 1–13 as to Jensen unless and until the government proves by a preponderance of the evidence all three elements of Rule 801(d)(2)(E);
4. Clarify that any statements Jensen made to the CI are admissible, if at all, only as party-opponent admissions under Rule 801(d)(2)(A); and
5. Make specific findings on the admissibility of each statement to preserve the record for appeal.

Respectfully Submitted,

/s/ Benigno (Trey) Martinez
BENIGNO (TREY) MARTINEZ
State Bar No. 00797011
Federal ID No. 23945
MARTINEZ / TIJERINA, PLLC
1201 E. Van Buren
Brownsville, Texas 78520
Tel: 956-550-4868
Fax: 956-621-0135
E-mail: trey@mbmtlawfirm.com

Robert Guerra, Lead Counsel
Federal ID No. 570991
State Bar No. 24036694
1201 E. Van Buren St.
Brownsville, Texas 78520

Ph. (956) 254-0694
E-mail: rguerra@rguerralaw.com

Benjamin Brock
New Mexico Bar No. 141535
1013 E. San Antonio Ave.
El Paso, Texas 79901
Tel: 915-412-5858
Fax: 915-503-2224
E-Mail: brock@brockmorganbenjamin.com
***Attorneys for Defendant***
***Maxwell Sterling Jensen***

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve all counsel of record.

/s/ Benigno (Trey) Martinez
Benigno (Trey) Martinez