IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. **5:25-cr-04750-MIS** |
| | ) | |
| vs. | ) | |
| | ) | |
| **MAXWELL JENSEN, Et Al** | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

**JOINT PROPOSED JURY INSTRUCTIONS**

The United States and the defendant Chritopher Ortega by and through his attorney, Andrew Ottaway, respectively, respectfully request the Court to include the following instructions in its charge to the jury and request permission to submit such supplemental instructions as may become appropriate during trial.

Respectfully submitted,

TODD BLANCHE
Acting Attorney General
RYAN ELLISON
First Assistant United States Attorney

Electronically filed August 10, 2026
JAMES A. DICKENS
BENJAMIN SUSLAVICH
Assistant United States Attorneys
200 N. Church St.
Las Cruces, NM 88001
(575) 522-2304

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record.

JAMES A. DICKENS
Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

vs.

**MAXWELL JENSEN, Et Al**
Defendant.

CRIMINAL NO. **5:25-cr-04750-MIS**

**PRAECIPE**

| **Judge Strickland's Standard Criminal Stock Instruction** | **Parties Accept? (Y/N)** | **Proposed Alternatives or Modifications** | **Alternatives Contested? (detail objections)** |
|---|---|---|---|
| **Preliminary Instructions Before Trial** 10th Cir. Pattern Jury Instructions (Criminal) 1.01 (2021) **Preliminary Instructions Before Trial,** modified and 10th Cir. Pattern Jury Instructions (Criminal) 1.02(B) (2021) **Noting taking by Jurors**. | Y | | |
| 10th Cir. Pattern Jury Instructions (Criminal) 1.03 (2021) **Introduction to Final Instructions.** | Y | | |
| 10th Cir. Pattern Jury Instructions (Criminal) 1.04 (2021) **Duty to Follow Instructions.** | Y | | |
| 10th Cir. Pattern Jury Instructions (Criminal) 1.05 (2021) **Presumption of Innocence—Burden of Proof—Reasonable Doubt**. | Y | | |
| 10th Cir. Pattern Jury Instructions (Criminal) 1.06 (2021) **Evidence—Defined**. | Y | | |

| | | | |
|---|---|---|---|
| 10th Cir. Pattern Jury Instructions (Criminal) 1.07 (2021) **Evidence—Direct And Circumstantial—Inferences**. | Y | | |
| 10th Cir. Pattern Jury Instructions (Criminal) 1.08 (2021) **Credibility of Witnesses**. | Y | | |
| 10th Cir. Pattern Jury Instructions (Criminal) 1.08.1 (2021) **Non-Testifying Defendants**. | Y | | |
| 10th Cir. Pattern Jury Instructions (Criminal) 1.10 (2021) **Impeachment By Prior Inconsistencies**. | Y | | |
| 10th Cir. Pattern Jury Instructions (Criminal) 1.18 (2021) **On or About,** modified. | Y | | |
| 10th Cir. Pattern Jury Instructions (Criminal) 1.19 (2021) **Caution—Consider Only Crime Charged**. | Y | | |
| 10th Cir. Pattern Jury Instructions (Criminal) 1.20 (2021) **Caution—Punishment.** | Y | | |
| 10th Cir. Pattern Jury Instructions (Criminal) 1.23 (2021) **Duty to Deliberate—Verdict Form**, modified. | Y | | |
| **FORM OF VERDICT** | Y | | |

| Government's Proposed Instructions | Source/Supporting Authority | Objections? |
|---|---|---|
| **1. Indictment**<br>The Counts in these instructions will be renumbered to those applicable to the defendants proceeding to trial. The Counts to the right list the charges as they appear on the Superseding Grand Jury Indictment. The Counts listed below are numbered how they will be presented to the Jury. | Count 1: 18 U.S.C. §§ 371 and 2314<br>Count 2: 18 U.S.C. §3147(1)<br>Count 5: 18 U.S.C. § 2314<br>Count 9: 18 U.S.C. § 2314 | |
| 2. Count 1: Elements of 18 U.S.C. §§ 371 and 2314: **Conspiracy to commit interstate transportation of stolen property.** | Tenth Circuit Pattern Jury Instructions Criminal 2.19 (2021 Ed., Updated April 2, 2021) (Conspiracy to Commit Interstate Transport of Stolen Property (18 U.S.C. § 2314) (modified) | |
| 3. Count 2: Elements of 18 U.S.C. §§ 3147: **Committing an offense while on release.** | 18 U.S.C. §§ 3147(1) (Modified) | |
| 4. Counts 5 and 9: Elements of 18 U.S.C. § 2314: **Interstate Transport of Stolen Property.** | Tenth Circuit Pattern Jury Instructions Criminal 2.82 (2021 Ed., Updated April 2, 2021) (Interstate Transport of Stolen Property (18 U.S.C. § 2314) | |
| 5. Count 9: Elements of 18 U.S.C. § 2: **Aiding and abetting.** | Tenth Circuit Pattern Jury Instructions Criminal 2.06 (2021 Ed., Updated April 2, 2021) (Aiding and Abetting (18 U.S.C. § 2) | |
| **6. Interstate And Foreign Commerce— Defined.** | Tenth Circuit Pattern Jury Instructions Criminal 1.39 (2011) (INTERSTATE AND FOREIGN COMMERCE— DEFINED 18 U.S.C. § 10), modified. *United States v. Luman*, 624 F.2d | |

| | | |
|---|---|---|
| | 152, 155 (10th Cir. 1980). | |
| 7. **Knowingly— Defined.** | Tenth Circuit Pattern Jury Instructions Criminal 1.37 (2021 Ed., Updated April 2, 2021) (Knowingly—Deliberate Ignorance). | |
| **8. Actual Or Constructive Possession.** | Tenth Circuit Pattern Jury Instructions Criminal 1.37 (2021 Ed., Updated April 2, 2021) (ACTUAL OR CONSTRUCTIVE POSSESSION). | |
| **9. Expert Witness.** | Tenth Circuit Pattern Jury Instructions (Criminal)1.17 (2021) (EXPERT WITNESS) | |
| **10. Informant** | Tenth Circuit Pattern Jury Instructions Criminal 1.14 (2011) (Informant Testimony), modified. | |
| **11. Accomplice or Co-defendant Testimony.** | Tenth Circuit Pattern Jury Instructions Criminal 1.15 (2011) (Accomplice-Co-Defendant – Plea Agreement), modified. | |
| **12. Multiple Defendants—Multiple Counts.** | 10th Cir. Pattern Crim. Jury Instr. (Criminal) 1.22 (2021) Multiple Defendants—Multiple Counts | |
| **13. Evidence of Other Conduct / Similar Acts.** | Tenth Circuit Pattern Jury Instructions Criminal 1.30, at 48 (2012) (Similar Acts) | |
| **14. *Trent* Instruction.** | *United States v. Trent*, 767 F.3d 1046 (10th Cir. 2014) | |
| **15. Voluntariness of Statements by Defendant.** | Tenth Circuit Pattern Instructions Criminal 1.25 (2011) (Voluntariness of Statements by Defendant) | |
| **16. Transcript of Recorded Conversation.** | 10th Cir. Pattern Jury Instructions (Criminal) 1.40 (2021) Cautionary | |

| | | |
|---|---|---|
| | Instruction During Trial | |
| **17. Summary Charts.** | Tenth Circuit Pattern Jury Instructions Criminal 1.41 (2021 Ed., Updated April 2, 2021) (Summaries and Charts). | |

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. __**

Members of the Jury:

At the end of the trial, I will give you detailed guidance on the law and on how you will go about reaching your decision. But now I simply want to generally explain how the trial will proceed.

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented by Assistant United States attorneys James Dickens and Benjamin Suslavich. Defendant Maxwell Sterling Jensen is represented by his lawyers, Brock Benjamin, Benigno Martinez and Robert Guerra. Christopher Ortega is represented by his lawyer, Andrew Ottaway.

The indictment charges the defendants with conspiring to transporting stolen crude oil from New Mexico to Texas. Christopher Ortega is additionally charged with two counts of aiding and abetting in transporting stolen crude oil from New Mexico to Texas. The indictment is simply the description of the charges made by the government against the defendants; it is not evidence of guilt or anything else. The defendants pleaded not guilty and are presumed innocent. An individual defendant may not be found guilty by you unless all twelve of you unanimously find that the government has proved an individual defendant guilt beyond a reasonable doubt. There are multiple defendants in this case and you will have to give separate consideration to the case against each defendant as each is entitled to individual consideration.

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence which it intends to put before you. Just as the indictment is not evidence, neither is the opening statement. Its purpose is only to help you understand what the evidence will be. It is a road map to show you what is ahead.

After the government's opening statement, each defendant's attorney may make an opening statement. [Change if the defendant reserves his statement until later or omit if the defendant has decided not to make an opening statement.]

Evidence will be presented from which you will have to determine the facts. The evidence will consist of the testimony of the witnesses, documents and other things received into the record as exhibits, and any facts about which the lawyers agree or to which they stipulate.

The government will offer its evidence. After the government's evidence, each defendant's lawyer may [make an opening statement and] present evidence, but he is not required to do so. I remind you that the defendants are presumed innocent and it is the government that must prove each defendant's guilt beyond a reasonable doubt. If a defendant submits evidence, the government may introduce rebuttal evidence.

At times during the trial, a lawyer may make an objection to a question asked by another lawyer, or to an answer by a witness. This simply means that the lawyer is requesting that I make a decision on a particular rule of law. Do not draw any conclusion from such objections or from my rulings on the objections. If I sustain an objection to a question, the witness may not answer it. Do not attempt to guess what answer might have been given if I had allowed the answer. If I overrule the objection, treat the answer as any other. If I tell you not to consider a particular statement, you may not refer to that statement in your later deliberations. Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

During the course of the trial, I may have to interrupt the proceedings to confer with the attorneys about the rules of law that should apply. Sometimes we will talk briefly, at the bench. But some of these conferences may take more time, so I will excuse you from the courtroom. I

will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end.

You are to consider all the evidence received in this trial. It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments.

The final part of the trial occurs when I instruct you on the rules of law which you are to use in reaching your verdict.

Ordinarily, the attorneys will develop all the relevant evidence that will be necessary for you to reach your verdict. However, in rare situations, a juror may believe a question is critical to reaching a decision on a necessary element of the case. In that exceptional circumstance, you may write out a question and provide it to the courtroom deputy while the witness is on the stand. I will then consider that question with the lawyers. If it is determined to be a proper and necessary question, I will ask it. If I do not ask it, you should recognize that I have determined it is not a legally appropriate question and not worry about why it was not asked or what the answer would have been.

During the course of the trial, you should not talk with any witness, or with ae defendant, or with any of the lawyers at all. In addition, during the course of the trial you should not talk about the trial with anyone else. Do not discuss the case with anyone or provide any information about the trial to anyone outside the courtroom until the verdict is received. Do not use the internet or any other form of electronic communication to provide any information. Simply put, do not communicate with anyone about the trial until your verdict is received. Also, you should not discuss this case among yourselves until I have instructed you on the law and you have gone to the

jury room to make your decision at the end of the trial. It is important that you wait until all the evidence is received and you have heard my instructions on the controlling rules of law before you deliberate among yourselves. Let me add that during the course of the trial you will receive all the evidence you properly may consider to decide the case. Because of this, you should not attempt to gather any information or do any research on your own. Do not attempt to visit any places mentioned in the case, either actually or on the internet, and do not in any other way try to learn about the case outside the courtroom.

The court reporter is making stenographic notes of everything that is said. This is basically to assist any appeals. However, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits will be available to you during your deliberations. If you would like to take notes during the trial, you may. On the other hand, you are not required to take notes.

If you do decide to take notes, be careful not to get so involved in note taking that you become distracted and remember that your notes will not necessarily reflect exactly what was said, so your notes should be used only as memory aids. Therefore, you should not give your notes precedence over your independent recollection of the evidence. You should also not be unduly influenced by the notes of other jurors. If you do take notes, leave them in the jury room at night and do not discuss the contents of your notes until you begin deliberations.

Now that the trial has begun you must not hear or read about it in the media. The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

With that introduction, Mr. Dickens, you may present the opening statement for the government.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 1.01 (2011) (**PRELIMINARY INSTRUCTIONS BEFORE TRIAL**), modified. Tenth Circuit Pattern Jury Instructions Criminal 1.02B (2011) (**NOTE TAKING BY JURORS**), modified.

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. __**

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case—for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 1.03 (2011) (**Introduction to Final Instructions**).

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. __**

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 1.04 (2011) (**Duty to Follow Instructions**).

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. __**

The government has the burden of proving defendants Maxwell Sterling Jensen and Christopher Ortega guilty beyond a reasonable doubt. The law does not require a defendant to prove his or her innocence or produce any evidence at all. The government has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find that defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 1.05 (2011) (**Presumption of Innocence – Burden of Proof-Reasonable Doubt**).

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. __**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 1.06 (2011) (**Evidence- Defined**)

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. ___**

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 1.07 (2011) (**Evidence- Direct and Circumstantial**)

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. ___**

I remind you that it is your job to decide whether the government has proved the guilt of each defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

[The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]

[The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. I want you to clearly understand, please, that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify or call any witnesses. That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.]

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 1.08 (2011) (**Credibility of Witnesses**)

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. ___**

The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. You must understand that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify. That is a constitutional right in this country, it is very carefully guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify or call any witnesses.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 1.08.1 (2011) (**Non-Testifying Defendant**)

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. __**

You have heard the testimony of [name of witness]. You have also heard that, before this trial, he made a statement that may be different from his testimony here in court.

This earlier statement was brought to your attention only to help you decide how believable his testimony in this trial was. You cannot use it as proof of anything else. You can only use it as one way of evaluating his testimony here in court.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 1.10 (2011) (**Impeachment by Prior Inconsistencies**)

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. __**

You will note that the indictment charges that each offense was committed "on or about" a particular date or a range of dates. The government does not have to prove that the crime was committed on the exact date or range of dates specified in the Indictment, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date or range of dates alleged in the Indictment.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 1.18 (2011) (**On or About**), modified.

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. __**

You are here to decide whether the government has proved beyond a reasonable doubt that defendants Maxwell Sterling Jensen and Christopher Ortega are guilty of the crimes charged. The defendants are not on trial for any act, conduct, or crime not charged in the indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged. The fact that another person also may be guilty is no defense to a criminal charge.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 1.19 (2011) (**Caution -- Consider Only the Crime Charged**), modified.

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. __**

If you find the defendant guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 1.20 (2011) **(Caution - Punishment)**

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. ___**

In a moment the bailiff will escort you to the jury room and provide each of you with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. You must decide whether the government has proved each defendant guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

[Explain the Verdict Form]

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the bailiff. I will either reply in writing or bring you back into the court to respond to your message. Under no circumstances should you reveal to me the numerical division of the jury.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 1.23 (2011) (**Duty to Deliberate-Verdict Form**)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

vs.

**MAXWELL JENSEN, Et Al**
Defendant.

CRIMINAL NO. **5:25-cr-04750-MIS**

**VERDICT**

1. We, the Jury, find the Defendant, **Maxwell Sterling Jensen**, ____________________
(Guilty or Not Guilty)
of 18 U.S.C. § 371: Conspiracy to Commit Interstate Transportation of Stolen Property as charged in Count 1 of the Superseding indictment.

2. We, the Jury, find the Defendant, **Christopher Ortega**, ______________________
(Guilty or Not Guilty)
of 18 U.S.C. § 371: Conspiracy to Commit Interstate Transportation of Stolen Property as charged in Count 1 of the Superseding indictment.

3. We, the Jury, find the Defendant, **Maxwell Sterling Jensen**, ____________________
(Guilty or Not Guilty)
of 18 U.S.C. § 3147: Committing a criminal offense while of conditions of release in another matter as charged in Count 2 of the Superseding indictment.

4. We, the Jury, find the Defendant, **Christopher Ortega**, ______________________
(Guilty or Not Guilty)
of 18 U.S.C. § 2314: Interstate Transportation of Stolen Property as charged in Count 5 of the Superseding indictment.

5. We, the Jury, find the Defendant, **Christopher Ortega**, ____________________
(Guilty or Not Guilty)
of 18 U.S.C. § 2314: Interstate Transportation of Stolen Property as charged in Count 9 of the Superseding indictment.

___________________________________
FOREPERSON

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. ___**

Defendants Maxwell Sterling Jensen and Christopher Ortega are on trial before you upon an Indictment brought by the Grand Jury.

<u>Count 1</u>

From on or about March 12, 2025, and continuing to on or about August 22, 2025, in Eddy County, in the District of New Mexico, and elsewhere, the defendants, Maxwell Sterling Jensen, Thomas Rees, Christian Contreras-Varela, Christopher Ortega, German Ortiz-Santillano, Carlos Contreras, Obed Lopez, and Samuel Cardona-Quezada, knowingly, and unlawfully, combined, conspired, confederated, agreed, and acted interdependently with each other and with other persons whose names are known and unknown to the Grand Jury to commit interstate transportation of stolen property, contrary to 18 U.S.C. § 2314.

<u>Count 2</u>

On or about June 18, 2025, in Eddy County, in the district of Mexico, the defendant Maxwell Sterling Jensen, unlawfully transported, transmitted, and transferred in interstate commerce, stolen goods, wares and merchandise, specifically, crude oil, in the value of $5,000 and more, knowing the same to have been stolen, converted, and taken by fraud, while released under chapter 207 of Title 18 United States Code, specifically, pursuant to an Oral Order dated May 9, 2025, from the United States District Court for the Southern District of Texas, Case no. 1:25-cr-00257.

In violation of 18 U.S.C. §§ 2314 and 3147(1), and 18 U.S.C. §2.

______________________

Count 5

On or about July 30, 2025, in Eddy County, in the District of New Mexico, the defendants, Thomas Rees, Christian Contreras-Varela and Christopher Ortega, unlawfully transported, transmitted, and transferred in interstate commerce, stolen goods, wares and merchandise, specifically, crude oil, in the value of $5,000 and more, knowing the same to have been stolen, converted, and taken by fraud.

In violation of 18 U.S.C. §§ 2314 and 2.

Count 9

On or about August 21, 2025, in Eddy County, in the District of New Mexico, the defendant, Thomas Rees, Carlos Contreras and Christopher Ortega, unlawfully transported, transmitted, and transferred in interstate commerce, stolen goods, wares and merchandise, specifically, crude oil, in the value of $5,000 and more, knowing the same to have been stolen, converted, and taken by fraud.

In violation of 18 U.S.C. §§ 2314 and 2.

What I have just read are the charges brought by the Grand Jury in the indictment.

Although the indictment refers to six total defendants, defendants Maxwell Sterling Jensen and Christopher Ortega, are the only defendants who are on trial before you in this case. The other defendants are not on trial at this time. You must base your verdict solely on the evidence received in this trial, and you are not to draw any inferences from the fact that other defendants named in the indictment are not on trial before you today.

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. ___**

Defendants Maxwell Sterling Jensen and Chritopher Ortega are both charged in count 1 with a violation of 18 U.S.C. section 371.

This law makes it a crime to conspire to commit an offense against the United States.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* the defendant agreed with at least one other person to violate the law.

*Second:* one of the conspirators engaged in at least one overt act furthering the conspiracy's objective.

*Third:* the defendant knew the essential objective of the conspiracy.

*Fourth:* the defendant knowingly and voluntarily participated in the conspiracy.

*Fifth:* there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 2.19 (2011) **(CONSPIRACY 18 U.S.C. § 371)**

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. ___**

Defendant Maxwell Sterling Jensen is charged in count 2 with a violation of 18 U.S.C. section 3147(1). This law makes it a crime to commit a criminal offense while of conditions of release in another matter.

To find a defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* the defendant conspired to commit an offense against the United States; and

*Second:* at the time of the offense, the defendant was on conditions of release in another federal criminal matter.

**Authorities:**

**18 U.S.C. § 3147** (Modified)

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. ___**

Defendant Christoher Ortega is charged in counts 5 and 9 with a violation of 18 U.S.C. section 2314. This law makes it a crime to transport illegally obtained property in interstate commerce.

To find a defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* the defendant caused to be transported in interstate commerce stolen crude oil;

*Second:* at the time of such transportation, the defendant knew that the crude oil had been stolen; and

*Third:* the crude oil had a value of $5,000 or more.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 2.82 (2011) **(INTERSTATE TRANSPORTATION OF STOLEN PROPERTY 18 U.S.C. § 2314)** (Modified)

**GOVERNMENT'S REQUESTED INSTRUCTION NO. _____**

Counts 5 and 9 of the indictment also charge a violation of 18 U.S.C. section 2, which provides that: "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

This law makes it a crime to intentionally help someone else commit a crime. To find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: Every element of the charged crime, as outlined in Instruction ———, was committed by someone other than the defendant, and

*Second*: The defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about. This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him.

The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

**Authorities**:

18 U.S.C. § 2.
Tenth Circuit Pattern Jury Instructions Criminal 2.06 (2021 Ed., Updated April 2, 2021) (**AID AND ABET (18 U.S.C. § 2))**, modified.

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. ___**

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia. Commerce includes travel, trade, transportation and communication.

Foreign commerce means commerce between any part of the United States (including its territorial waters), and any other country (including its territorial waters).

A defendant need not himself know that the goods are moving in interstate commerce. It is sufficient that his actions were in fact one step in a total scheme of interstate transportation.

**Authorities**:

Tenth Circuit Pattern Jury Instructions Criminal 1.39 (2011) **(INTERSTATE AND FOREIGN COMMERCE— DEFINED 18 U.S.C. § 10)**, modified. *United States v. Luman*, 624 F.2d 152, 155 (10th Cir. 1980).

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. ___**

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident. Although knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact. Knowledge can be inferred if the defendant was aware of a high probability that the crude oil was stolen or unlawfully possessed, unless the defendant did not actually believe that the crude oil was stolen or unlawfully possessed.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 1.37 (2021 Ed., Updated April 2, 2021) (**KNOWINGLY—DELIBERATE IGNORANCE**), modified.

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. __**

A person who, although not in actual possession, knowingly has the power and intent at a given time to exercise dominion or control over an object, either directly or through another person or persons, is then in constructive possession of it.

More than one person can be in possession of an object if each knows of its presence and has the power and intent to control it.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 1.31 (2021 Ed., Updated April 2, 2021) (**ACTUAL OR CONSTRUCTIVE POSSESSION**) (modified to include multiple reference), modified.

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. __**

During the trial you heard the testimony of Wilson Putnam who expressed opinions concerning oil field operations. In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 1.22 (2021 Ed., Updated April 2, 2021) (**EXPERT WITNESSES**) (modified to include multiple reference), modified.

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. __**

An informant is someone who provides evidence against someone else for a personal reason or advantage. The testimony of an informant alone, if believed by the jury, may be of sufficient weight to sustain a verdict of guilt, even though not corroborated or supported by other evidence. You must examine and weigh an informant's testimony with greater care than the testimony of an ordinary witness. You must determine whether the informant's testimony has been affected by self-interest, by an agreement he has with the government, by his own interest in the outcome of the case, or by prejudice against the defendant.

You should not convict a defendant based on the unsupported testimony of an informant unless you believe the unsupported testimony beyond a reasonable doubt.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 1.15 (2011) (**Informant**), modified.

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. __**

The government has entered into a plea agreement with Thomas Rees, Obed Lopez, German Ortiz-Santillano, providing for the possibility of a recommendation of a lesser sentence than he would otherwise likely receive. Plea bargaining is lawful and proper, and the rules of this Court expressly provide for it.

A person who has entered into a plea agreement with the government is not prohibited from testifying. On the contrary, such testimony may, by itself, support a guilty verdict. You should receive this type of testimony with caution and weigh it with great care. You should never convict a defendant upon the unsupported testimony of such a witness, unless you believe that testimony beyond a reasonable doubt. The fact that the person has entered into a guilty plea to the offense charged is not evidence of the guilt of any other person.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 1.15 (2011) (**Accomplice-Co-Defendant – Plea Agreement**), modified.

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. ___**

A separate crime is charged against one or more of the defendants in each count of the indictment. You must separately consider the evidence against each defendant on each count and return a separate verdict for each defendant.

Your verdict as to any one defendant or count, whether it is guilty or not guilty, should not influence your verdict as to any other defendants or counts.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 1.22 (2011) **(Multiple Defendants-Multiple Counts)**

**GOVERNMENT'S REQUESTED INSTRUCTION NO. ___**

You have heard evidence of other acts or wrongs engaged in by defendants Maxwell Sterling Jensen and Chritopher Ortega. You may consider that evidence only as it bears on defendant Maxwell Sterling Jensen's and Chritopher Ortega's intent, knowledge, and absence of mistake or accident, and for no other purpose. Of course, the fact that the defendants may have previously committed an act similar to the one charged in this case does not mean that the defendants necessarily committed the acts charged in this case.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 1.30 (2021 Ed., Updated April 2, 2021) (**SIMILAR ACTS**), modified

**GOVERNMENT'S REQUESTED INSTRUCTION NO. ___**

You have heard testimony as to the manner in which the government conducted its investigation in this case including certain investigative methods or techniques that were used and certain investigative methods or techniques that were not used. In attempting to prove its case, the government is under no obligation to use all the investigative methods that are available to it or use any particular method. The question is whether the evidence presented is sufficient to convince you beyond a reasonable doubt of the defendants' guilt.

**Authorities:**

*United States v. Trent*, 767 F.3d 1046 (10th Cir. 2014).

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. __**

Evidence has been presented about a statement attributed to defendant Christopher Ortega alleged to have been made after the commission of the crime (or crimes) charged in this case but not made in court. Such evidence should always be considered by you with caution and weighed with care. You should give any such statement the weight you think it deserves, after considering all the circumstances under which the statement was made.

In determining whether any such statement is reliable and credible, consider factors bearing on the voluntariness of the statement. For example, consider the age, gender, training, education, occupation, and physical and mental condition of the defendant, and any evidence concerning his treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.

After considering all this evidence, you may give such weight to the statement as you feel it deserves under all the circumstances. If you determine that the statement is unreliable or not credible, you may disregard the statement entirely.

**Authorities:**

Tenth Circuit Pattern Instructions Criminal 1.25 (2011) (**Voluntariness of Statements by Defendant**)

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. __**

During this trial, you have heard sound recordings of certain conversations. These conversations were legally recorded; they are a proper form of evidence and may be considered by you as you would any other evidence. You were also given transcripts of those recorded conversations. Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. If you could not hear or understand certain parts of the recordings, you must ignore the transcript as far as those parts are concerned.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 1.40 (2021 Ed., Updated April 2, 2021) (**CAUTIONARY INSTRUCTION DURING TRIAL**).

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. __**

Certain charts and summaries have been shown to you to help explain the evidence in this case. Their only purpose is to help explain the evidence. These charts and summaries are not evidence or proof of any facts.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 1.41 (2021 Ed., Updated April 2, 2021) (**SUMMARIES AND CHARTS**).