**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA

v.

Case No. 5:25-cr-04750-MIS

MAXWELL STERLING JENSEN and
CHRISTOPHER ORTEGA,

     Defendants.

## <u>OMNIBUS ORDER</u>

THIS MATTER is before the Court on Defendant Maxwell Jensen's ("Defendant Jensen") Motion to Continue, ECF No. 302, filed on August 10, 2026; Defendant Jensen's Motion for *James* Hearing, ECF No. 84, filed on January 13, 2026; and Defendant Jensen's and Defendant Christopher Ortega's ("Defendant Ortega") unopposed request for a bifurcated trial made at the Pretrial Conference on August 11, 2026, Clerk's Min. of Hr'g of Aug. 11, 2026, at 3, ECF No. 311. Upon review of Defendant's Motions, the record, and the relevant law, the Court issues this Omnibus Order denying the Motion to Continue, denying Defendant Jensen's request to exclude evidence under *James*,[1] and granting the Defendants' request for a bifurcated trial.

## I.   The Court denies Defendant Jensen's Motion to Continue.

Defendant Jensen filed an opposed Motion to Continue on August 10, 2026, arguing that the Government failed in its obligation to provide the contents of Defendant Jensen's personal laptop to Defendant Jensen. Mot. to Continue at 2, ECF No. 302.

---

[1]    The Court held a James hearing on August 11 at which it resolved Defendant Jensen's underlying request to exclude statements. Clerk's Min. of Hr'g of Aug. 11, 2026 at 2-3, ECF No. 311.

The Government recovered the laptop from Defendant Jensen's home during a search authorized by warrant on August 22, 2025. *Id.* at 1. Defendant Jensen alleges that, although the Government never imaged the computer, (1) the Government violated its obligation under *Brady* to turn over the contents of the laptop, (2) may have violated Defendant Jensen's Fourth Amendment rights, and (3) is obligated by Federal Rule of Criminal Procedure 16(a)(1)(E)(iii) to turn over the laptop. *Id.* at 6-8. Defendant Jensen's counsel apparently did not ask for or about the laptop until August 5, 2026, *see id.* at 2, because Defendant Jensen did not tell his counsel about the laptop or the supposedly exculpatory material contained therein until on or about August 5, 2026, Clerk's Min. of Hr'g of Aug. 11, 2026, at 1, ECF No. 311. Defendant requests a continuance so both he and the Government can gain "access to the laptop and its potentially exculpatory contents." Mot. at 5, ECF No. 302.

The Court finds the Government did not violate its *Brady* obligations, the Fourth Amendment, or Rule 16(a)(1)(E)(iii). *Brady* is Defendant's strongest argument, considering his inexplicable delay in requesting the laptop, and "*Brady* only requires disclosure of information in the government's possession or knowledge, whether actual or constructive." *United States v. Lujan*, 530 F. Supp. 2d 1224, 1231 (D.N.M. 2008) (citing *United States v. Beers*, 189 F.3d 1297, 1304 (10th Cir. 1999)). "At least one court has held that a duty to search files maintained by governmental agencies closely aligned with the prosecution may be triggered when there is a reasonable prospect or notice of finding exculpatory evidence," *id.* (citing *United States v. Brooks*, 966 F.2d 1500, 1502-04 (D.C. Cir. 1992), but the information here does not belong to the Government and the prosecutors have no obligation to image the laptop and search the contents, *see id.* Nor did the Government have actual or constructive knowledge of the information contained in the laptop. *Id.* It would be more reasonable for to assume the laptop contained

information damaging to Defendant Jensen, not exculpatory. Therefore, the Government's failure to image the laptop and share the contents with Defendant Jensen is not a *Brady* violation.

Nor did the Government violate Defendant Jensen's Fourth Amendment rights. Defendant Jensen argues that because the Tenth Circuit has held that "an unreasonable delay in obtaining a warrant to search a properly seized computer could sometimes violate the Fourth Amendment," the Government is in violation here because it has not imaged the laptop since its seizure. Mot. at 7, ECF No. 302 (citing *United States v. Christie*, 717 F.3d 1156, 1162 (10th Cir. 2013)). As in *Christie*, however, where the Tenth Circuit found Ms. Christie's inaction over the months following the computer's seizure entitled the government to assume "any Fourth Amendment interest in the computer's continued possession had been voluntarily relinquished," 717 F.3d at 1163, Defendant Jensen's complete silence about the laptop to his own counsel, let alone to the Government, for a year after its seizure permitted the Government to assume he had voluntarily relinquished his Fourth Amendment interest in the laptop.

Finally, Defendant argues the Government violated Federal Rule of Criminal Procedure 16(a)(1)(E)(iii) because the Government has not, on request, permitted Defendant to inspect and copy items within its possession, custody, or control that were "obtained from or belong[] to the defendant." Mot. at 8, ECF No. 302. Defendant Jensen's counsel made this request a week ago. *Id.* at 2. The Government informed Defendant Jensen's counsel that the computer would be made available to him this current week, August 8-15, 2026. *Id.* The Court has no reason to doubt the Government and considers Rule 16(a)(1)(E)(iii) satisfied.

Reviewing a Motion to Continue requires the Court to examine "four factors: (1) the diligence of the party seeking the continuance; (2) the likelihood the continuance, if granted, would have accomplished the stated purpose; (3) the inconvenience to the opposing party, witnesses, and

the court; and (4) the need for the continuance and any harm resulting from its denial. *United States v. Glaub*, 910 F.3d 1334, 1345 (10th Cir. 2018) (citation omitted). "The final factor is the most important." *United States v. Orr*, 692 F.3d 1079, 1100 (10th Cir. 2012) (citation omitted).

Defendant Jensen and his counsel have displayed little diligence related to this motion. Although Defendant Jensen's counsel emailed the Government immediately after discovering the existence of the laptop via his client, the Court expects attorneys to take more initiative in obtaining supposedly exculpatory material, like reviewing the list of items seized during an arrest and asking their clients if they have personal electronics that may be material to the case. And Defendant Jensen waited nearly a year to inform his counsel about the laptop and the supposedly exculpatory information therein.

The Court finds little or no harm will result from denial as (1) Defendant Jensen's counsel will obtain the laptop prior to trial, (2) Defendant Jensen did not feel it necessary to inform his counsel about the laptop prior to trial when trial was scheduled in June, and (3) Defendant Jensen waited until two weeks before trial to bring up the laptop. Any harm is attributable entirely to Defendant Jensen.

The Court finds the continuance would accomplish Defendant Jensen's stated purpose, but because the laptop has been made available before trial, his purpose will be achieved independent of a continuance.

Finally, a continuance at this stage, with trial scheduled to begin nine days after Defendant Jensen's Motion, will cause unnecessary inconvenience. Defendant Jensen will be tried with Defendant Ortega, who is ready to proceed to trial. The three parties have named dozens of witnesses who are prepared to be called to testify. And the Court's schedule is full for the next several months at least.

Defendant Jensen's Motion to Continue is therefore denied accordingly.

## II.  The Court denies Defendant Jensen's request to exclude statements under *James*.

Defendant Jensen requested a *James* hearing to determine if statements made by alleged co-conspirators were admissible under Federal Rule of Evidence 801(d)(2)(E). Mot. for *James* Hr'g at 3-9, ECF No. 84. Defendant Jensen argued "deficiencies in the [G]overnment's independent evidence" necessitated a *James* hearing. *Id.* at 13. Defendant Jensen did not identify any specific statements he wished to contest. *See generally id.*

In its Response, the Government argued that a *James* hearing is not necessary based on "ample evidence of the charged conspiracy." Resp. at 1, ECF No. 176. The Government provided a factual background and summary of the conspiracy and investigation, *id.* at 2-16, and submitted a table of identified statements, Exhibit 1, ECF No. 176-1. The Government argued that Defendant Jensen "failed to establish any communications exist with uncharged members of the conspiracy . . . [since] all communications in the government's possession are by charged codefendants." Resp. at 16-17, ECF No. 176. The Government noted the confidential source referred to in Defendant Jensen's motion is expected to testify at trial and the statements of all codefendants are admissible as opposed party statements. *Id.* at 17.

Defendant Jensen filed a Reply arguing that "[t]he Government's response fails to address the evidentiary deficiency that necessitates a pretrial *James* hearing," and repeating an incorrect assertion that the government informant, who was the listener, rendered the statements ineligible. ECF NO. 199 at 1. Defendant Ortega disavowed Defendant Jensen's request for a *James* hearing and Defendant Jensen's request for relief. Notice Concerning *James* and *Daubert* Mot. Hr'g, ECF

No. 238. The Court held a *James* hearing on August 11, 2026. Clerk's Min. of Hr'g of Aug. 11, 2026, at 1, ECF No. 311.

Before admitting evidence under FRE 801(d)(2)(E), "'[t]he court must determine that (1) by a preponderance of the evidence, a conspiracy existed, (2) the declarant and the defendant were both members of the conspiracy, and (3) the statements were made in the course of and in furtherance of the conspiracy.'" *United States v. Urena*, 27 F.3d 1487, 1490 (10th Cir. 1994).

In considering evidence about whether a conspiracy existed, the "the district court has the discretion to consider any evidence not subject to a privilege, including both the coconspirator statements the government seeks to introduce at trial and any other hearsay evidence, whether or not that evidence would be admissible at trial." *United States v. Owens*, 70 F.3d 1118, 1124 (10th Cir. 1995). "The government does not have to prove an express or formal agreement was made; rather, it merely has to show the coconspirators tacitly came to a mutual understanding." *United States v. Aysheh*, No. 1:17-CR-00370-JCH, 2022 WL 59405, at *1 (D.N.M. Jan. 6, 2022), *clarified on denial of reconsideration*, No. CR 17-370 JCH, 2023 WL 3855844 (D.N.M. June 6, 2023). "The existence of a conspiracy may be inferred from circumstantial evidence." *Id.* (citation omitted). "Interdependence means the coconspirators were united in a common goal or purpose." *Id.*

"[I]n deciding whether statements are admissible under Rule 801(d)(2)(E), the appropriate focus is on whether the statements were 'made by' a member of the conspiracy, and not on whether the statements were 'made to' a member of the conspiracy." *United States v. Williamson*, 53 F.3d 1500, 1519 (10th Cir. 1995). "It is universally held that the fact that one party to a conversation is a government agent or informer does not of itself preclude the admission of statements by the other

party—if he or she is a member of a conspiracy—under Rule 801(d)(2)(E)." *United States v. Mahkimetas*, 991 F.2d 379, 383 (7th Cir. 1993).

A statement is made in furtherance of a conspiracy when it is "intended to promote the conspiratorial objectives." *United States v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007). "[T]he following sorts of statements [are] in furtherance of a conspiracy: (1) statements explaining events of importance to the conspiracy; (2) 'statements between coconspirators which provide reassurance, which serve to maintain trust and cohesiveness among them, or which inform each other of the current status of the conspiracy;' (3) statements identifying a fellow coconspirator; and (4) discussions of future intent 'that set transactions to the conspiracy in motion' or that maintain the flow of information among conspiracy members." *United States v. Rutland*, 705 F.3d 1238, 1252 (10th Cir. 2013).

Based on the testimony of Bureau of Land Management Special Agent Trent Boone at the *James* hearing on August 11, 2026, Clerk's Min. of Hr'g of Aug 11 at 2, ECF No. 311, the Court finds by a preponderance of the evidence that a conspiracy existed. The Court further finds that all statements were made by members of the conspiracy, *id.*, and that Defendant Jensen was also a member of the same conspiracy. Finally, the Court finds that the statements were made in furtherance of the conspiracy. The Court therefore declines to exclude the identified statements under Federal Rule of Evidence 801(d)(2)(E).

### III. The Court grants Defendants request for a bifurcated trial.

Defendant Ortega requested a bench trial. Waiver of Right to Jury Trial, ECF No. 299. At the Pretrial Conference, Defendant Jensen's counsel expressed concerns about the introduction of out-of-court statements by Defendant Ortega that might violate Defendant Jensen's constitutional

7

rights per *Crawford v. Washington*, 541 U.S. 36, 68 (2004) (holding the Confrontation Clause prohibits the admission of testimonial hearsay unless the declarant is unavailable and there was a prior opportunity for cross-examination). Clerk's Min. of Hr'g of Aug. 11, 2026, at 3, ECF No. 311. Under Federal Rule of Criminal Procedure 14(a), "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." The Court proposed a bifurcated trial: Defendant Jensen to be tried by a jury and Defendant Ortega to be tried by the Court. Clerk's Min. of Hr'g of Aug. 11, 2026 at 3-4, ECF No. 311. The Government, Defendant Jensen, and Defendant Ortega all stipulated to a bifurcated trial, *id.,* and the Court finds no prejudice will result.

The Court therefore bifurcates Defendants' trials pursuant to Federal Rule of Criminal Procedure 14. The Court will preside over a trial at which the Government and both Defendants present their cases in chief, but the Court will be the finder of fact for Defendant Ortega and the jury will be the finder of fact for Defendant Jensen. The jury will not be permitted to hear or consider testimonial statements by Defendant Ortega that implicate Defendant Jensen's Sixth Amendment Confrontation Clause rights unless Defendant Jensen has the opportunity to cross-examine Defendant Ortega about such statements.

## IV. Conclusion

Accordingly, it is **HEREBY ORDERED** that:

1. Defendant Jensen's Motion to Continue, ECF No. 302, is **DENIED**;

2. The Court will **NOT EXCLUDE** the statements challenged by Defendant Jensen under Federal Rule of Evidence 801(d)(2)(E);

3. Defendant Jensen will be **TRIED BY A JURY**; and

4. Defendant Ortega will be **TRIED BY THE COURT**.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE