UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>**MAXWELL JENSEN,**<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CRIMINAL NO. 25-CR-4750-MIS |

**UNITED STATES' MEMORANDUM IN RESPONSE TO MINUTE ORDER [DOCKET NO. 310]**

This Court has requested the parties brief the question of whether Count 2 of the Superseding Indictment is "an enhancement, to be decided by the Court, or a substantive crime, to be decided by the jury." Section 3147 is a sentencing enhancement, not a freestanding substantive offense. But because the § 3147 finding may increase Defendant Maxwell Jensen's authorized punishment beyond the statutory maximum otherwise supported by the verdict, the release-status allegation must either be admitted through a valid stipulation or submitted to the jury and proved beyond a reasonable doubt.

Indeed, since the Government seeks to preserve that additional statutory exposure provided under § 3147, the historical fact that Defendant committed Count 2 while released under Chapter 207 must be either (1) admitted through a valid stipulation or (2) found unanimously by the jury beyond a reasonable doubt. The Court then determines the enhancement's legal effect and the sentence.

The United States therefore requests a ruling that: (1) Count 2 will be submitted to the jury as a substantive violation of §§ 2314 and 2; (2) § 3147 will not be treated as a separate crime or

separate conviction; and (3) unless Defendant personally joins a sufficient stipulation, the release-and-timing fact will be submitted to the jury through a special verdict form.

## I. BACKGROUND

Count 1 charges Defendant with conspiracy under 18 U.S.C. § 371, with interstate transportation of stolen property under 18 U.S.C. § 2314 as the object offense. Count 2 alleges under an aiding and abetting theory, that Defendant transported in interstate commerce stolen crude oil worth at least $5,000, knowing it to have been stolen, and that he did so while released under Chapter 207 pursuant to a May 9, 2025, order in a Southern District of Texas case. Count 2 cites 18 U.S.C. §§ 2314, 3147(1), and 2 as the predicate offenses. (Superseding Indictment, [Docket No. 111]). At the pretrial conference, the parties disagreed over whether Count 2 is purely an enhancement or a substantive crime, and the Court ordered simultaneous briefing. (Minute Order, [Docket No. 310]). The Government submits that Count 2 contains both substantive crimes, as well as a statutory enhancement which also must go to the Jury pursuant to the Supreme Court's decision in *Apprendi v. New Jersey*.

As explained infra, *Apprendi* applies because Section 2314 carries a maximum term of ten years consecutive. 18 U.S.C. § 2314. The Conspiracy under Section 371 charged in Count One ordinarily carries a five-year maximum. 18 U.S.C. § 371. Count Two charges interstate transportation of stolen goods worth at least $5,000, with the required knowledge, either as a principal or an aider and abettor and carries a maximum sentence of ten-years. 18 U.S.C. §§ 2314 and 2. In addition, Count Two also contains a § 3147 enhancement which authorizes an additional term of up to ten years for a felony and requires any § 3147 term to run consecutively. 18 U.S.C. § 3147(1). Thus, assuming a conviction on Count 2, the § 3147 enhancement increases the aggregate statutory exposure from ten years to twenty years.

## II. ARGUMENT

### *A. Count 2 Charges a Substantive Aiding and Abetting § 2314 Offense, but § 3147 Is a Sentencing Enhancement Rather Than a Separate Crime.*

While the question posited to the parties by the Court suggests that Count 2, as a whole, is either substantive or a sentencing enhancement, the fact is that the classification is not binary. That is to say, Count 2 is not wholly substantive nor is it wholly a sentencing enhancement. Its preamble defines a charged substantive offense: interstate transportation of stolen goods worth at least $5,000, with the required knowledge, either as a principal or an aider and abettor. Those allegations in the preamble require a general jury verdict like any other count against the defendant charged in the Indictment. The phrase "while released under [Chapter 207]" serves a different function: it invokes § 3147's additional sentencing authority and puts the Defendant on notice that he might be subject to an enhancement should the fact finder determine beyond a reasonable doubt that he committed the predicate offence(s) while on release.

Ignoring any procedural due process issues arising under *Apprendi* which creates a separate independent requirement that jury find the Defendant committed the predicate violation while under conditions of release, the § 3147 sentencing enhancement is not an independent charge. The Tenth Circuit has settled the classification question in *United States v. Browning*, holding that "§ 3147 is strictly a sentencing enhancement provision." 61 F.3d 752, 756 (10th Cir. 1995) (collecting cases). The court further described § 3147 as a "self-executing" provision addressed to sentencing courts. *Id.* at 756–57. More recently, the Tenth Circuit reiterated that § 3147 is "a mandatory sentencing enhancement, not a separate offense of conviction." *United States v. Horner*, 769 F. App'x 528, 536 (10th Cir. 2019) (unpublished); *see also United States v. Mowery*, 694 F. App'x 638, 641 (10th Cir. 2017) (unpublished). The Sentencing Commission likewise states that 18 U.S.C. § 3147 is not an offense of conviction. U.S.S.G. app. C, amend. 684 (U.S. Sent'g Comm'n effective Nov. 1, 2006).

Furthermore, the Third Circuit's decision in *United States v. Lewis* is particular illustrative as it explains the proper treatment of § 3147. 660 F.3d 189, 194–96 (3d Cir. 2011). The jury found the § 3147 facts, but the court of appeals vacated the separate <u>independent</u> § 3147 conviction and special assessment because the statute creates only an enhancement. *Id.* The special verdict form should therefore reflect one verdict option on Count 2 under §§ 2314 and 2, not a freestanding § 3147 verdict option. However, for the reasons discussed below, the jury will still need to come to a conclusion about release-and-timing fact as the fact exposes the Defendant to a sentence beyond the statutory maximum.

***B. Because § 3147 Expands the Authorized Statutory Range, the Release-and-Timing Fact Must Be Admitted or Found by the Jury Beyond a Reasonable Doubt.***

While § 3147 is ultimately a sentencing enhancement; the question of whether the predicate offence was committed on release must still be proven beyond the reasonable doubt to the finder of fact in this case because it increases the Defendant's exposure beyond the statutory maximum. *See Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). The relevant maximum is the sentence authorized by the verdict alone, without additional judicial findings. *Blakely v. Washington*, 542 U.S. 296, 303–04 (2004); *see also Ring v. Arizona*, 536 U.S. 584, 592–593, and n. 1 (2002) (applying *Apprendi* to an Arizona law that authorized the death penalty if the judge found 1 of 10 aggravating factors and ultimately concluding that the defendant's constitutional rights had been violated because the judge had imposed a sentence greater than the maximum he could have imposed under state law without the challenged factual finding). Indeed, the Supreme Court has recently confirmed in *Erlinger v. United States* that a fact increasing the prescribed penalty range must be resolved by a unanimous jury beyond a reasonable doubt or freely admitted by the defendant through a stipulation. 602 U.S. 821, 834–38 (2024).

Here, the jury's verdict on §§ 2314 and 2 alone would authorize no more than ten years on Count 2; and, assuming no grouping under U.S.S.G. § 3D1.2, the combined unenhanced maxima for Counts 1 and 2 total fifteen years. Section 3147 supplies authority for up to ten additional consecutive years. The fact that Defendant committed Count 2 while released under Chapter 207 therefore expands the authorized statutory range and falls within *Apprendi* and requires the Jury to find beyond a reasonable doubt that Defendant committed Count 2 while on release, unless Defendant admits or stipulates to it.

Courts routinely recognize the requirement that the Jury make the factual finding that the offense was committed on release when such a finding could enhance the penalty beyond the statutory maximum. For example, in *United States v. Confredo*, the Second Circuit held that *Apprendi* applied because § 3147 exposed the defendant to ten additional years; the court found no reversible error because the defendant had admitted the post-release conduct during his plea colloquy. 528 F.3d 143, 154–56 (2d Cir. 2008). In *Lewis*, the Third Circuit held that when § 3147 increases the maximum exposure, the triggering facts must be submitted to the jury and proved beyond a reasonable doubt. 660 F.3d at 192–95. Likewise, the Eleventh Circuit has also held that *Apprendi* applies when § 3147 takes the total sentence beyond the maximum for the underlying offenses. *United States v. Perez*, 86 F.4th 1311, 1318–20 (11th Cir. 2023). *Perez* also rejected the argument that pretrial-release status is equivalent to the bare fact of a prior conviction. *Id.* at 1320.[1]

The defense may attempt to rely on *United States v. Randall*, 287 F.3d 27 (1st Cir. 2002), but that case involved a forty-one-month sentence against an underlying twenty-year maximum.

[1] Tenth Circuit authority is also consistent with that result. Although *Horner* rejected an indictment-and-jury challenge, it did so because the defendant's twenty-seven-month total sentence remained below the underlying offense's ten-year maximum. 769 F. App'x at 536–37. The panel expressly recognized that a non-recidivism fact increasing a statutory maximum or minimum must be submitted to a jury and proved beyond a reasonable doubt. *Id.* at 536. *Browning* predates *Apprendi* and resolves classification and notice, not the factfinder for an above-maximum sentence. No published Tenth Circuit decision located in the Government's research squarely decides the above-maximum § 3147 scenario.

*Id.* at 29–31. It therefore did not approve judicial factfinding of the sentencing enhancement of § 3147 for a sentence above the unenhanced maximum.

Accordingly, because the § 3147 finding may increase Defendant Jensen's authorized punishment beyond the statutory maximum otherwise supported by the verdict, the release-status allegation must either be admitted through a valid stipulation or submitted to the jury and proved beyond a reasonable doubt.

### *C. In the Alterative, a Stipulation by Defendant Would Also Satisfy Apprendi.*

A defendant may stipulate to the facts that activate § 3147. The Tenth Circuit recognizes that a defendant who stipulates to facts establishing a matter otherwise reserved for the jury waives jury determination of those facts. *United States v. Mason*, 85 F.3d 471, 472–74 (10th Cir. 1996); *United States v. Smith*, 472 F.3d 752, 753–54 (10th Cir. 2006). Because the admission expands the available maximum, one possible course is for the defense to fully stipulate to the release-and-timing fact. *See United States v. Mejia-Alarcon*, 995 F.2d 982, 991 (10th Cir. 1993). A stipulation only to the existence of an order, without covering Defendant's actual release status at the time of the Count 2 conduct, may leave part of the *Apprendi* fact unresolved.

If the parties do not enter a complete stipulation, the same jury should decide the release-and-timing fact. The Tenth Circuit's current pattern instructions recommend that when an *Apprendi* issue is submitted to the jury, its resolution be included in the verdict form. Criminal Pattern Jury Instructions, Tenth Circuit, Introductory Note 6 (2026 ed., rev. Mar. 11, 2026). The jury should decide only the historical fact, unanimously and beyond a reasonable doubt; it should not be told the potential sentence. The Court remains responsible for deciding whether the proven or admitted facts satisfy § 3147 as a matter of law and for selecting and allocating the sentence.

## III. CONCLUSION

Because Count 2 charges a substantive violation of 18 U.S.C. §§ 2314 and 2 and includes a § 3147 sentencing allegation, there should be an independent substantive count for the predicate

offense along with a special verdict question regarding the release-and-timing fact. Section 3147 is not a separate crime, and the judgment should not record a separate § 3147 conviction or special assessment. But because the enhancement may increase Defendant's statutory exposure beyond the range authorized by the verdict on the underlying offenses, the release-and-timing fact must be admitted or found unanimously by the jury beyond a reasonable doubt. The United States respectfully requests that the Court approve either a complete conditional stipulation or, absent agreement, a special-verdict.

Respectfully submitted,

TODD BLANCHE
Attorney General
RYAN ELLISON
First Assistant United States Attorney

***Electronically Filed 8/14/26***
JAMES A. DICKENS
BENJAMIN T. SUSLAVICH
Assistant United States Attorneys
200 N. Church Street
Las Cruces, NM 88001

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record on this date.

***Electronically Filed 8/14/26***
BENJAMIN T. SUSLAVICH
Assistant United States Attorney