UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 25-CR-4750-MIS |
| | ) | |
| vs. | ) | |
| | ) | |
| **MAXWELL JENSEN,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' MOTION FOR CONFLICT INQUIRY REGARDING PROPOSED CO-COUNSEL**

The United States respectfully moves for an expedited inquiry into a serious potential conflict of interest arising from attorney Jason M. Davis's request to appear *pro hac vice* as co-counsel for Defendant Maxwell Sterling Jensen. Docket No. 315.

Mr. Davis currently represents Defendant's father, James Lael Jensen, in *United States v. Jensen*, No. 1:25-cr-00257, which is currently pending in the Southern District of Texas. Maxwell Jensen and his father James Jensen are alleged coconspirators in that case. The Texas prosecution and this prosecution both concern alleged conduct involving crude oil, and evidence concerning the Texas prosecution remains potentially admissible at the upcoming New Mexico trial under Federal Rule of Evidence 404(b).

Mr. Davis's proposed representation of Maxwell Jensen therefore would require him to represent two current clients whose interests may diverge concerning facts and conduct that may be litigated at the New Mexico trial. At a minimum, those circumstances create a serious potential conflict that should be addressed before Mr. Davis enters an appearance or participates in trial preparation or trial.

The United States requests narrow relief. It asks the Court to hold Docket No. 315 in abeyance, conduct an expedited conflict inquiry before jury selection, and determine whether Mr. Davis's proposed representation presents an actual or serious potential conflict, whether any conflict is consentable, and whether any safeguards or limitations are necessary.

The United States does not presently ask the Court to disqualify Defendant's existing counsel, Benigno "Trey" Martinez, or to continue the trial. The United States also does not allege that Mr. Davis has committed professional misconduct. Instead, the Government's concern is if Mr. Davis's direct representation of Maxwel Jensen in this case would create possible appellate issues either in this case or in a related pending prosecution. Accordingly, the United States requests an on-the-record conflict inquiry. It does not presently request an evidentiary hearing involving witness testimony.

## I. RELEVANT BACKGROUND

Maxwell Jensen is a defendant in a separate criminal prosecution pending in the Southern District of Texas. *See United States v. Jensen*, No. 1:25-cr-00257-S2. James Jensen, Defendant's father, is also charged in that prosecution as an alleged coconspirator. Maxwell Jensen and James Jensen are represented by separate counsel in the Texas case. Mr. Martinez represents Maxwell Jensen, while Mr. Davis represents James Jensen.

The present New Mexico case concerns an alleged conspiracy to steal crude oil from a pipeline in New Mexico and transport or sell that oil in Texas. The charged conduct allegedly occurred while Maxwell Jensen was on pretrial release in the Texas case.

Evidence concerning the Texas prosecution has already been the subject of litigation in this case. Defendant previously requested exclusion of "any evidence concerning the Texas Case." The Court denied that request, explaining that the Government may seek to introduce evidence

concerning the Texas case under Rule 404 and that the Court would consider the admissibility of particular evidence at the appropriate time. (Order [Docket No. 209] at 3).

The Government expects that evidence concerning the Texas case may bear on issues at the New Mexico trial. Depending on the Court's evidentiary rulings and the evidence presented, that evidence may concern the nature of the alleged Texas conspiracy, the participants' respective conduct and roles, communications involving alleged participants, and Maxwell Jensen's knowledge, intent, motive, plan, or absence of mistake.

On August 13, 2025, Mr. Davis filed Docket No. 315, seeking permission to appear *pro hac vice* as co-counsel for Maxwell Jensen in this case. Trial is presently scheduled to begin on August 19, 2025.

## II. GOVERNING PRINCIPLES

The Sixth Amendment protects a criminal defendant's right to effective assistance from counsel who is free from conflicting obligations. *Wood v. Georgia*, 450 U.S. 261, 271–73 (1981). Although a defendant ordinarily enjoys a presumption in favor of counsel of his choosing, that right is not absolute. *Wheat v. United States*, 486 U.S. 153, 159–64 (1988). A court has an independent interest in ensuring that criminal proceedings comply with professional standards, remain fair, and are not later undermined by a conflict-based ineffective-assistance claim. *Id.* at 160–62.

A court may reject a proposed waiver not only when an actual conflict has been established, but also when the circumstances demonstrate a serious potential for a conflict to develop as the case proceeds. *Id.* at 163–64. The Tenth Circuit has emphasized that district courts possess broad latitude when they must predict whether developments at trial may cause a potential conflict to become actual. *United States v. Evanson*, 584 F.3d 904, 909–10, 914 (10th Cir. 2009).

The Government also has an obligation to bring a known potential conflict to the Court's attention sufficiently in advance of trial to permit an appropriate inquiry. *United States v. Migliaccio*, 34 F.3d 1517, 1528 (10th Cir. 1994). Raising the issue does not require the Government to establish conclusively that an actual conflict already exists. The purpose of the inquiry is to permit the Court—not the Government or opposing counsel—to assess the risk before it affects trial strategy or the integrity of the proceedings.

The right to conflict-free counsel is not limited to the joint representation of codefendants in the same trial. It extends to circumstances in which defense counsel owes potentially conflicting duties to the defendant and another current or former client or third person. *United States v. Soto-Hernandez*, 849 F.2d 1325, 1328 (10th Cir. 1988).

Federal Rule of Criminal Procedure 44(c) does not directly govern the present situation because James Jensen is not charged in this New Mexico case and has not been joined for trial here. *See* Fed. R. Crim. P. 44(c)(1). Rule 44(c) nevertheless reflects the prophylactic principle that a court should address a sufficiently apparent conflict before it impairs the right to effective assistance. The Court's authority to conduct an inquiry in this case arises independently from the Sixth Amendment, the Court's supervisory authority over attorneys appearing before it, and the authorities discussed above.

Attorneys practicing in criminal proceedings in this District must comply with the Rules of Professional Conduct adopted by the New Mexico Supreme Court unless otherwise provided by local rule or court order. D.N.M.LR-Cr. 57.2.

New Mexico Rule of Professional Conduct 16-107 provides that a concurrent conflict exists when the representation of one client will be directly adverse to another current client or when there is a significant risk that an attorney's representation of one client will be materially limited by the attorney's responsibilities to another client. N.M. R. Prof'l Conduct 16-107(A).

A concurrent conflict may be consentable only if the attorney reasonably believes that competent and diligent representation can be provided to each affected client, the representation is not prohibited by law, and each affected client gives informed consent confirmed in writing. N.M. R. Prof'l Conduct 16-107(B). Duties of confidentiality and loyalty may independently limit counsel's ability to use or disclose information relating to one client when representing another. *See* N.M. R. Prof'l Conduct 16-106(A), 16-108(B).

## III. THE PROPOSED REPRESENTATION PRESENTS A SERIOUS POTENTIAL CONFLICT

Mr. Davis presently owes duties of loyalty and confidentiality to James Jensen in the Texas prosecution. If Docket No. 315 is granted, he also would owe duties of loyalty, confidentiality, competence, and diligence to Maxwell Jensen in a trial in this case in New Mexico at which evidence concerning the Texas prosecution may be introduced.

Those concurrent duties may become materially limiting even if Maxwell Jensen and James Jensen presently believe their interests are aligned. In Texas, the two clients are separately charged participants in an alleged conspiracy. Their relative knowledge, conduct, intent, and culpability may differ and likewise their interests concerning potential testimony, cooperation, plea negotiations, trial defenses, or the attribution of responsibility may also change as prosecution proceeds both in Texas and here in New Mexico.

Given the nature of the present case, counsel representing Maxwell Jensen at the New Mexico trial may need to challenge the existence, nature, or scope of the alleged Texas conspiracy. Counsel may need to distinguish Maxwell Jensen's conduct from conduct attributable to James Jensen, contest statements or communications involving James Jensen, challenge the credibility or reliability of evidence concerning James Jensen, or argue that another participant bore greater responsibility. Counsel may also need to make strategic decisions concerning objections,

stipulations, limiting instructions, cross-examination, the presentation of defense evidence, and whether Maxwell Jensen should testify.

Some of those otherwise plausible strategies could disadvantage James Jensen in the pending Texas prosecution. Conversely, Mr. Davis's continuing obligations to James Jensen could limit the strategies he is willing or able to recommend or pursue for Maxwell Jensen.

The confidentiality problem may be equally significant. Through his representation of James Jensen, Mr. Davis may possess information relating to the Texas prosecution that bears on the evidence or strategic decisions in the New Mexico case. The United States does not know the substance of any such information and does not seek its disclosure. But if relevant confidential information exists, Mr. Davis may be prohibited from using it to advance Maxwell Jensen's interests or from disclosing enough information to permit Maxwell Jensen to make fully informed strategic decisions. The potential conflict may therefore arise from what counsel is constrained from doing, rather than from any affirmative act at trial. *See Migliaccio*, 34 F.3d at 1527–28; *United States v. Bowie*, 892 F.2d 1494, 1500 (10th Cir. 1990).

*United States v. Vasquez*, 995 F.2d 40 (5th Cir. 1993), is particularly instructive. In *Vasquez*, defense counsel simultaneously represented the defendant and another person in a separate criminal proceeding. The other client had information potentially useful to the Government against the defendant. The Fifth Circuit upheld disqualification because counsel's duties to the other client could impair his ability to cross-examine and represent the defendant effectively. *Id.* at 41–42. Although the present facts are not identical and the Government does not presently represent that James Jensen will testify, the same underlying concern exists: counsel may be unable to pursue a strategy for one current client without implicating duties owed to the other.

The fact that Mr. Davis seeks to appear as co-counsel rather than substitute for Mr. Martinez does not eliminate the issue. If admitted, Mr. Davis would be counsel of record and could

participate in privileged discussions, trial preparation, strategic decisions, witness examinations, objections, and argument. Each attorney appearing for Defendant owes independent duties to Defendant.

Nor can the conflict necessarily be avoided through an informal limitation on Mr. Davis's role. D.N.M.LR-Cr. 44.1(h) provides that an attorney may not appear in a limited manner except by court order. If Mr. Davis proposes to participate only in a defined portion of the case, the proposed limitation should be disclosed and assessed by the Court so that the Court can determine whether the limitation is workable and adequately protects Defendant.

The United States does not contend that any potential conflict attributable to Mr. Davis is automatically imputed to Mr. Martinez. It does not seek to remove Mr. Martinez or otherwise disturb his representation of Defendant. The issue is whether Mr. Davis may undertake the additional representation requested in Docket No. 315.

## IV. THE COURT'S APRIL 17 ORDER DOES NOT RESOLVE THE PRESENT ISSUE

The Government recognizes that the Court previously denied a different motion concerning a potential conflict. (*See* Order [Docket No. 171] filed April 17, 2026). That motion concerned whether circumstances surrounding a joint-defense visit and a possible investigation of statements to detention-facility personnel created a personal-interest conflict affecting Mr. Martinez's representation of Maxwell Jensen. The Court concluded that those circumstances did not create a conflict affecting Mr. Martinez. In reaching that conclusion, the Court relied in part on the fact that Maxwell Jensen was not involved in the underlying incident, that James Jensen was not a defendant in this case, and that "Attorney Davis is not a co-counsel here." (*Id.* at 3).

The present motion does not seek reconsideration of that order. Instead, in recognition that the status quo as to Attorney Davis's representation has now changed, the United States asks to

this Court to examine this new issue: that Mr. Davis affirmatively seeks to become co-counsel for Maxwell Jensen in this case while continuing to represent James Jensen in the related Texas prosecution.

The asserted potential conflict also concerns the merits of the two prosecutions and the evidence that may be presented at trial, not the detention-facility incident addressed by the prior motion. The factual premise and the potential source of material limitation are therefore different.

James Jensen's absence as a defendant in this case means that Rule 44(c) does not directly apply. It does not, however, foreclose a conflict. Indeed, *Soto-Hernandez* makes clear that the Sixth Amendment concern extends beyond joint representation of codefendants in a single proceeding. 849 F.2d at 1328.

## V. AN EXPEDITED INQUIRY IS THE NARROWEST APPROPRIATE RELIEF

The Government recognizes that the Court need not resolve the conflict issue on the present motion alone. Rather, an expedited inquiry would allow the Court to assess the scope of Mr. Davis's representation of James Jensen, the role he proposes to undertake here, and whether his duties to James Jensen create a significant risk of materially limiting his representation of Maxwell Jensen.

Indeed, the relevant inquiry can be examined by the Court without disclosure of privileged communications. In making its determination the courts typically consider the general scope of the concurrent representations. For instance, this Court might consider whether Mr. Davis believes he can competently and diligently represent both clients, and whether each client has provided informed consent confirmed in writing. Any written consent may be reviewed in camera. The Court may also conduct a personal colloquy with Maxwell Jensen, after consultation with independent counsel if appropriate, to ensure that any waiver is knowing and informed.

However, it should also be noted that even if there is valid waiver by Maxwell Jensen, such a waiver would not necessarily resolve Mr. Davis's duties of loyalty and confidentiality to James Jensen or require the Court to permit the representation. *See Wheat*, 486 U.S. at 162–64; *Evanson*, 584 F.3d at 909–10.

Finally, because Docket No. 315 was filed shortly before trial, the United States respectfully requests an expedited hearing before jury selection and that the application remain in abeyance in the interim. This approach preserves the status quo: Maxwell Jensen remains represented by Mr. Martinez, and the United States does not seek a continuance.

## VI. CONCLUSION

The United States respectfully requests that the Court hold Docket No. 315 in abeyance and conduct an expedited, on-the-record inquiry into the serious potential conflict arising from Mr. Davis's proposed representation of Maxwell Jensen while continuing to represent James Jensen in the related Southern District of Texas prosecution.

Following that inquiry, the Court may determine whether no conflict exists, whether any conflict is consentable and may be addressed through an informed waiver or an appropriately limited appearance, or whether Docket No. 315 should be denied.

Respectfully submitted,

TODD BLANCHE
Attorney General
RYAN ELLISON
First Assistant United States Attorney

***Electronically Filed 8/14/26***
JAMES A. DICKENS
BENJAMIN T. SUSLAVICH
Assistant United States Attorneys
200 N. Church Street
Las Cruces, NM 88001

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record on this date.

***Electronically Filed 8/14/26***
BENJAMIN T. SUSLAVICH
Assistant United States Attorney