**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA.** **Plaintiff,** | § § § | |
| **v.** | § | **CASE NO.: 5:25-cr-04750-MIS** |
| **MAXWELL JENSEN,** **Defendant.** | § § § | |

**DEFENDANT MAXWELL JENSEN'S RESPONSE TO UNITED STATES' MOTION FOR CONFLICT INQUIRY REGARDING PROPOSED CO-COUNSEL**

TO THE HONORABLE COURT:

Defendant Maxwell Jensen ("**Max Jensen**") files this Response to United States' Motion for Conflict Inquiry Regarding Proposed Co-counsel (ECF No. 320, the "**Motion**"), and would respectfully show as follows:

## I. INTRODUCTION

Max Jensen does not object to the Government's request for a hearing to resolve any possible concerns regarding representation by attorney Jason M. Davis, who also represents Max Jensen's father James Jensen in a case currently pending in the Southern District of Texas (No. 1:25-cr-00257, the "**Texas Case**"). But the Government's characterization of potential conflicts between Max Jensen and James Jensen omits information that is critical to any such hearing.

As detailed below, James Jensen, Max Jensen, and other members of the Jensen family have been operating under a Joint Defense Agreement ("**JDA**") since charges were first filed in the Texas Case over a year ago. Based on their aligned interests, the Jensen family has filed joint motions challenging the charging instruments and discovery in the Texas Case, shared confidential information and defense strategies, and otherwise presented a united front against what the Jensen family views as baseless allegations. The Jensen family's JDA was disclosed to and repeatedly

acknowledged by the Court in the Texas Case, including through orders directing the Government to give James Jensen and Mr. Davis access to meet with Max Jensen and his counsel in New Mexico. Max Jensen, James Jensen, and their counsel have thus already been working closely together in their joint defense against the Government.

Moreover, the "potential" conflicts of interest identified in the Government's Motion are entirely speculative. James Jensen is not connected to this case. The Government has not named him in any of its charging documents. No discovery produced in this case suggests that James Jensen had any involvement with Max Jensen's activities in New Mexico. James Jensen does not appear on either party's witness list. There is no indication that this case will require James Jensen's direct involvement or impact any of his interests. In any event, to the extent Mr. Davis's involvement in this case raises any potential conflicts, both James and Max Jensen have executed written waivers of any such conflicts.

Max Jensen and his counsel therefore welcome the hearing requested by the Government and are prepared to demonstrate that there is no serious potential conflict interest and, to the extent any potential conflict exists, Max's waiver of such conflicts was knowing and intelligent. Max Jensen therefore respectfully submits there is no basis to deny him the right to be represented by the counsel of his choice.[1]

## II. FACTUAL AND PROCEDURAL BACKGROUND

On April 17, 2025, James Jensen, Max Jensen, Kelly Anne Jensen (James Jensen's wife and Max Jensen's mother), and Zachary Golden Jensen (Max Jensen's younger brother), were

[1] Max Jensen is not requesting a continuance of the trial dates based on Mr. Davis's appearance as co-counsel.

charged in an indictment filed in the Brownsville Division of the United States District Court for the Southern District of Texas. *See* Texas Case, ECF No. 1.

On May 22, 2025, the Government filed a Superseding Indictment naming only James Jensen and Max Jensen as defendants. *See* Texas Case, ECF No. 82. The Government agreed to dismiss the charges against Kelly Anne Jensen and Zachary Golden Jensen without prejudice. *See* Texas Case, ECF Nos. 86, 87, 89, 90. Counsel for Zachary Golden Jensen—Mr. Benigno "Trey" Martinez, one of Max Jensen's counsel in this case—filed a notice of appearance on behalf of Max Jensen in the Texas Case and asked the Court to conduct a *Garcia* hearing regarding any potential conflicts arising from the representation. *See* Texas Case, ECF Nos. 127, 130. The hearing was held on October 28, 2025. *See* Texas Case, ECF No. 154. At that hearing, the Defendants informed the Court that the Jensen family had entered into written and oral JDAs that included all four members of the Jensen family named in the original indictment.[2] The Court permitted Mr. Martinez to appear on behalf of Max Jensen in the Texas Case.

James and Max Jensen subsequently jointly filed multiple motions to dismiss or clarify the indictments, for additional discovery, and to suppress evidence in the Texas Case. *See, e.g.*, Texas Case, ECF Nos. 166, 167, 168, 169, 171, 205, 240.

On August 21, 2025, the Government filed a Criminal Complaint in this case, alleging that Max Jensen engaged in a separate scheme to transport stolen oil in and around Carlsbad, New Mexico. *See* ECF No. 1. The Government filed an indictment on November 12, 2025, and

[2] As the defendants noted in filings in the Texas Case, the contents of the written JDA are protected by the attorney-client privilege and attorney work product doctrine. *See* Texas Case, ECF No. 194 at 2 n.1. But, should it be necessary for the Court to review the JDA, a copy of the same can be submitted to the Court for *in camera* inspection.

Superseding Indictment on February 17, 2026. *See* ECF Nos. 37, 111. None of these charging documents name or suggest any involvement by James Jensen. *See* ECF Nos. 1, 37, 111.

After Max Jensen was detained in New Mexico pending trial in this case, the Court in the Texas Case granted an Unopposed Motion for Special Visitation Conditions, which directed the Government to permit James Jensen, Mr. Davis, and Max Jensen's counsel in the Texas Case to meet with Max Jensen in New Mexico. *See* Texas Case, ECF 151. After Max Jensen was transferred to another facility and issues arose regarding access by counsel and the Jensen family, James and Max Jensen filed a Joint Motion to Enforce Court Order on Joint Defense Visits, which asked the Court in the Texas Case to order that the New Mexico facility permit James Jensen and his counsel (including Mr. Davis) to visit with Max Jensen for joint defense purposes. *See* Texas Case, ECF No. 194. The Court in the Texas Case granted that motion on March 12, 2026. *See* Texas Case, ECF No. 200.

The parties in this case have filed exhibit lists, witness lists, and other pretrial motions in this case. None of the witness lists identify James Jensen as a potential witness. *See* ECF Nos. 215, 219 (sealed), 308. Similarly, none of the exhibit lists include any communications with or other documents identifying James Jensen as a participant in the alleged scheme. *See* ECF Nos. 214, 305.

Trial is currently set for August 19, 2026. Mr. Davis filed his Motion to appear as co-counsel on behalf of Max Jensen on August 13, 2026. *See* ECF No. 315. The Government filed its Motion on the following day. *See* ECF No. 320.

## III. <u>ARGUMENT AND AUTHORITIES</u>

### A. <u>Legal Standards.</u>

The Sixth Amendment affords a criminal defendant the right to "representation by the counsel of his choice." *See United States v. Roach*, 912 F.Supp.2d 1153, 1167 (D.N.M. 2012). "If a court wrongfully deprives a defendant of representation by the defendant's counsel of choice, such a deprivation does not have to prejudice the defendant for it to be reversible error; rather, the deprivation of counsel is a 'structural error, and is complete when the defendant is erroneously prevented from being represented by the lawyer [the defendant] wants, regardless of the representation . . . received." *Id.* (quoting *United Stats v. McKeighan*, 658 F.3d 956, 966 (10th Cir. 2012) (modifications in *Roach*).

The right to counsel of a defendant's choice is tempered by the right to "representation that is free from conflicts of interest." *Wood v. Georgia*, 450 U.S. 261, 217 (1981). Courts must therefore "recognize a presumption in favor of [the defendant's] counsel of choice," but permit that presumption to be overcome "by a demonstration of an actual conflict" or "serious potential for a conflict." *Roach*, 912 F.Supp.2d at 1167 (quoting *Wheat v. United States*, 486 U.S. 153, 164 (1988)); *see also id.* ("The Tenth Circuit recognizes . . . that courts may deprive a defendant of the defendant's counsel of choice 'only where such drastic action is necessary to further some overriding social or ethical interest.'" (quoting *McKeighan*, 685 F.3d at 968)).

The first step in this analysis is the determination of whether an actual or potential conflict exists. "An actual conflict exists when counsel is forced to make choices advancing other interests to the detriment of his client." *United States v. Williamson*, 859 F.3d 843, 852 (10th Cir. 2017). A potential conflict may arise "if the interests of the defendant may place the attorney under inconsistent duties at some time in the future." *Roach*, 912 F.Supp.2d at 1168 (quoting *United*

*States v. Perez*, 325 F.3d 115, 135 (2nd Cir. 2003)). Among the factors considered to determine whether there may be a potential conflict are whether "the subject matter of the [other] representation is substantially related to the case being tried" and whether "the attorney reveals privileged communications of the [other] client." *Id.* (internal quotation marks and citation omitted). "A speculative conflict is not sufficient to overcome the defendant's Sixth Amendment right to counsel of choice." *United States v. Penn*, 151 F.Supp.2d 1322, 1325 (D. Utah 2001).

The second step is to determine whether a defendant has waived any conflict or potential conflict. *Id.* at 1169. The district court should "affirmatively participate in the waiver decision by eliciting a statement in narrative form from the defendant indicating that he fully understands the nature of the situation and has knowingly and intelligently made the decision to proceed with the challenged counsel." *United States v. Winkle*, 722 F.2d 605, 610 (10th Cir. 1983). The Court is "allowed substantial latitude in refusing waivers of conflicts of interest." *Wheat*, 486 U.S. at 163. But courts have warned that "'the government bears a 'heavy burden' in demonstrating that disqualification [of counsel] is justified' and that "disqualification of . . . counsel should be a measure of last resort.'" *Roach*, 912 F.Supp.2d at 1170 (quoting *In re Grand Jury Proceedings*, 859 F.2d 1021, 1026 (1st Cir. 1988)).

**B. <u>There is no actual or serious potential conflict of interest.</u>**

The Government does not claim that Mr. Davis's appearance for Max Jensen in this case creates an actual conflict of interest. Rather, the Government argues that this appearance may create a potential conflict of interest between Max and James Jensen, for two reasons: (1) Mr. Davis's representation of Max Jensen in this case may be limited in some way by Mr. Davis's representation of James Jensen in the Texas Case; and (2) that "Mr. Davis may possess information relating to the Texas prosecution that bears on the evidence or strategic decisions in the New

Mexico case." Motion at 4-5. Both concerns are far too speculative to constitute a serious potential conflict.

First, the Government claims that Max Jensen's counsel "may need to distinguish Maxwell Jensen's conduct from conduct attributable to James Jense, contest statements or communications involving James Jensen, challenge the credibility or reliability of evidence concerning James Jensen, or argue that another participant bore greater responsibility." Motion at 5. But the Government does not identify what "conduct," "communications," or other "evidence" regarding James Jensen may possibly be relevant to this case. Indeed, there is no indication that James Jensen had anything to do with the events that led to the charges against Max Jensen in this case. The Government has not identified James Jensen as a participant in the alleged scheme in any charging document, produced any discovery that ties James Jensen to the alleged scheme, or even identified James Jensen as a potential witness in this case.

The only common elements between this case and the Texas Case identified in the Motion are that "both concern crude oil, and evidence concerning the Texas prosecution remains potentially admissible at the upcoming New Mexico trial under Federal Rule of Evidence 404(b)." But the Government has already argued to this Court that the Texas Case and New Mexico case are different offenses: "[T]hat later New Mexico conduct is not transformed into the 'same offense' [as the Texas Case] merely because it involves crude oil, overlapping actors, or even the same statute." ECF No. 158 (United States' Response in Opposition to Defendant Jensen's Motion to Suppress). Similarly, the Government's Notice of Other Crimes or Bad Acts Pursuant to Rule 404(b) says nothing about James Jensen. *See* ECF No. 217 (under seal).

Moreover, the Government alludes to "strategic decisions" that "could disadvantage James Jensen in the pending Texas prosecution" or "limit the strategies" available to Max Jensen. Motion

at 6. But, again, the Motion does not identify precisely how those "decisions" and "strategies" would be affected by Mr. Davis's representation of Max Jensen in this case. Even if the Court were to read between the lines and infer that the Government is referring to potential cooperation by Max Jensen against his father, there is no indication that such cooperation is anything more than pure speculation. "The court should not speculate on every theoretical development that could possibly occur in the case until it finds a scenario leading to a conflict and then use such speculation as a basis to deny defendant the counsel he has chosen." *United States v. Trujillo*, 302 F.Supp.2d 1239, 1252-53 (D. Kan. 2004) (holding that the possibility that a father or son represented by the same attorney might choose to testify against the other was too speculative to justify disqualifying counsel, explaining "the court must examine the conflict picture as it exists *at this time* to determine whether a conflict either exits or is probable"); *see also Roach*, 912 F.Supp.2d at 1173-76 (holding that potential conflicts in representation of husband and wife were speculative and waivers were knowing and intelligent).

Second, the Motion's concern regarding the sharing of confidential information is entirely baseless. The Government speculates that "Mr. Davis may possess information relating to the Texas prosecution that bears on evidence or strategic decisions in the New Mexico case." Motion at 6. The Government does not explain what that information might be or how it could be relevant to this case, relying again only on impermissible speculation. But the Government also entirely ignores that Max Jensen and James Jensen have already been operating under a Joint Defense Agreement, sharing confidential and privileged information, and otherwise cooperating closely in the defense of the Texas Case. The risk that confidential information from the Texas might impair the representation of Max Jensen in this case is thus non-existent. *See Roach*, 912 F.Supp.2d at

1171 (noting that both defendants "knew the extent of the information that [one defendant] disclosed to [counsel] in previous civil cases").

**C. <u>Max Jensen has waived any potential conflict</u>**

Even if Mr. Davis's appearance created a non-speculative potential conflict of interest, Max Jensen has repeatedly and explicitly waived any such conflict.

As noted above, Max and James Jensen have agreed to defend the Texas Case pursuant to a Joint Defense Agreement. The Court in the Texas Case is aware of that Agreement and entered multiple orders permitting counsel to proceed with that Agreement. By participating in the joint defense against the Texas Case, Max Jensen has already repeatedly made clear that his interests are not adverse to those of his father or other family members. Moreover, both Max and James Jensen have executed written waivers of any conflict of interest that may arise from Mr. Davis's representation of Max Jensen in this case, which are attached hereto as Exhibits A and B.[3] Max Jensen welcomes the opportunity to confirm for the Court "that he fully understands the nature of the situation" and executed the attached waiver "knowingly and intelligently." *Winkle*, 722 F.2d at 611.[4]

Max Jensen maintains that the waivers are knowing, intelligent, and more than sufficient to address any potential conflict of interest that may arise. He therefore respectfully requests the Court permit him to defend himself at trial with the counsel of his choice.

---

[3] The form of these waivers mirrors the written waivers found to be sufficient in *United States v. Crittenden*, 115 F.4th 668 (5th Cir. 2024).

[4] Moreover, any concerns regarding prejudice to Max Jensen are mitigated by the presence of other counsel in the defense team. *See United States v. Baca*, 2018 WL 2422053, at *16-17 (D.N.M. May 29, 2018) (holding that counsel could represent criminal defendant in a case in which a former client would testify and appointing separate counsel to cross-examine that witness).

**PRAYER**

WHEREFORE PREMISES CONSIDERED, Max Jensen respectfully requests the Court permit him to be represented by Mr. Davis in this case.

DATED: August 17, 2026.

Respectfully submitted,

*/s/ Brock Benjamin*____________________

Brock Benjamin
New Mexico Bar No. 141535
1013 E. San Antonio Ave.
El Paso, Texas 79901
Tel: 915-412-5858
Fax: 915-503-2224
E-Mail: brock@brockmorganbenjamin.com

Benigno (Trey) Martinez
Texas Bar No. 00797011
Federal ID No. 23945
MARTINEZ / TIJERINA, PLLC
1201 E. Van Buren
Brownsville, Texas 78520
Tel: 956-550-4868
Fax: 956-621-0135
E-mail: trey@mbmtlawfirm.com

Robert Guerra
Federal ID No. 570991
Texas Bar No. 24036694
1201 E. Van Buren St.
Brownsville, Texas 78520
Ph. (956) 254-0694
E-mail: rguerra@rguerralaw.com

Jason M. Davis
Texas Bar No. 00793592
DAVIS & SANTOS, PLLC
719 S. Flores Street
San Antonio, Texas 78204
Tel: (210) 853-5882
Fax: (210) 200-8395
E-mail: jdavis@dslawpc.com

***Attorneys for Defendant Maxwell Jensen***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the 17th day of August, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and service to all CM/ECF registrants.

*/s/ Brock Benjamin*____________________
Brock Benjamin

# Exhibit A

**NOTICE AND WAIVER OF POTENTIAL CONFLICT OF INTEREST**

I understand that Jason M. Davis currently represents my father, James Jensen, in the criminal case pending in the United States District Court for the Southern District of Texas, Brownsville Division, under cause number 1:25-cr-257 (the "**Texas Case**"). I further understand that I am represented by Benigno "Trey" Martinez and Robert Guerra in the same matter. I further understand that Mr. Davis will continue to represent James Jensen in the Texas case. I wish for Jason M. Davis to represent me in the criminal case pending in the United States District Court for the District of New Mexico under cause number 5:25-cr-04750 (the "**New Mexico Case**"), along with my current counsel in this case Benigno "Trey" Martinez, Robert Guerra, and Brock Benjamin.

I have been notified that Mr. Davis's representation of me in the New Mexico Case and of James Jensen in the Texas Case may create a potential conflict of interest. I have been notified of the potential hazards of being represented by Mr. Davis in the New Mexico case under the onus of this potential conflict of interest. The full extent of the potential conflict of interest and the potential perils of such a potential conflict have been explained to me by my counsel, Mr. Martinez and Mr. Benjamin. I understand I may waive my right to potential conflict-free representation and choose to be represented by Mr. Davis, along with my current counsel. I have also been notified that I have the right to obtain and be represented by new counsel, thus avoiding the potential conflict of interest. Finally. I have been notified of my right to discuss the potential conflict of interest with, and obtain advice from, outside counsel.

I acknowledge and understand my constitutional right to effective and potential conflict-free assistance of counsel. I acknowledge and understand the nature and full extent of the potential conflict of interest that exists by being represented by Mr. Davis in the New Mexico Case. I fully

understand the potential perils and hazards of continued representation by Mr. Davis in light of the afore-mentioned potential conflict of interest. I have thoroughly discussed the potential conflict of interest with my current counsel, Mr. Martinez and Mr. Benjamin. I understand I have the right to discuss the potential conflict of interest issue with outside counsel and acknowledge I have had adequate opportunity to do so. I acknowledge and understand I have the right to obtain new counsel to represent me in my criminal proceedings.

After carefully considering all possible present and future potential conflicts of interest and having been fully informed of the potential for negative or adverse consequences arising from representation by Mr. Davis in the New Mexico Case, by placing my signature on this page, I knowingly and voluntarily waive my constitutional right to potential conflict-free representation in my criminal proceedings and consent and desire to be represented by Mr. Davis in the New Mexico Case.

MAXWELL STERLING JENSEN — DATE: 8/12/25

BENIGNO "TREY" MARTINEZ
Attorney for Maxwell Sterling Jensen — DATE: 8/13/26

BROCK BENJAMIN
Attorney for Maxwell Sterling Jensen — 8/12/26 DATE

# Exhibit B

**NOTICE AND WAIVER OF POTENTIAL CONFLICT OF INTEREST**

I understand that Jason M. Davis currently represents me in the criminal case pending in the United States District Court for the Southern District of Texas, Brownsville Division, under cause number 1:25-cr-257 (the "**Texas Case**"). I further understand that my son, Maxwell Sterling Jensen, is currently represented by Benigno "Trey" Martinez and Robert Guerra in the same matter. I further understand that Maxwell Sterling Jensen wishes for Mr. Davis to represent him in the criminal case pending in the United States District Court for the District of New Mexico under cause number 5:25-cr-04750 (the "**New Mexico Case**"), along with his other counsel in that case, Benigno "Trey" Martinez, Robert Guerra, and Brock Benjamin. I consent to Mr. Davis's representation of Maxwell Sterling Jensen in the New Mexico Case and to Mr. Davis's continued representation of me in the Texas case.

I have been notified that Mr. Davis's representation of Maxwell Sterling Jensen in the New Mexico Case and continued representation of me in the Texas Case may create a potential conflict of interest. I have been notified of the potential hazards of being represented by Mr. Davis in the Texas Case under the onus of this potential conflict of interest. The full extent of the potential conflict of interest and the potential perils of such a potential conflict have been explained to me by my counsel, Mr. Davis. I understand I may waive my right to potential conflict-free representation and choose to continue to be represented by Mr. Davis in the Texas case. I have also been notified that I have the right to obtain and be represented by new counsel, thus avoiding the potential conflict of interest. Finally. I have been notified of my right to discuss the potential conflict of interest with, and obtain advice from, outside counsel.

I acknowledge and understand my constitutional right to effective and potential conflict-free assistance of counsel. I acknowledge and understand the nature and full extent of the potential

conflict of interest that exists by being represented by Mr. Davis in the Texas and Mr. Davis's representation of Maxwell Sterling Jensen in the New Mexico Case. I fully understand the potential perils and hazards of continued representation by Mr. Davis in light of the afore-mentioned potential conflict of interest. I have discussed the potential conflict of interest with my counsel, Mr. Davis. I understand I have the right to discuss the potential conflict of interest issue with outside counsel and acknowledge I have had adequate opportunity to do so. I acknowledge and understand I have the right to obtain new counsel to represent me in my criminal proceedings.

After carefully considering all possible present and future potential conflicts of interest and having been fully informed of the potential for negative or adverse consequences arising from representation by Mr. Davis in the Texas Case and Mr. Davis's representation of Maxwell Sterling Jensen in the New Mexico Case, by placing my signature on this page, I knowingly and voluntarily waive my constitutional right to potential conflict-free representation in my criminal proceedings and consent and desire to be represented by Mr. Davis in the Texas Case.

____________________________ ____________________
JAMES JENSEN DATE

____________________________ 8/13/26
JASON M. DAVIS DATE
Attorney for James Jensen

with outside counsel and acknowledge I have had adequate opportunity to do so. I acknowledge and understand I have the right to obtain new counsel to represent me in my criminal proceedings.

After carefully considering all possible present and future potential conflicts of interest and having been fully informed of the potential for negative or adverse consequences arising from representation by Mr. Davis in the Texas Case and Mr. Davis's representation of Maxwell Sterling Jensen in the New Mexico Case, by placing my signature on this page, I knowingly and voluntarily waive my constitutional right to potential conflict-free representation in my criminal proceedings and consent and desire to be represented by Mr. Davis in the Texas Case.

James T. Jensen

JAMES JENSEN DATE 8-12-2026

JASON M. DAVIS DATE
Attorney for James Jensen