**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CAUSE NO. 5:25-cr-04750-MIS** |
| | § | |
| **MAXWELL JENSEN** | § | |

**DEFENDANT, MAXWELL JENSEN'S BRIEF REGARDING DETERMINATION OF SENTENCING ENHANCEMENTS UNDER 18 U.S.C. § 3147**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, Defendant MAXWELL JENSEN,** by and through undersigned counsel, and respectfully submits this brief in support of his position that the factual predicate underlying the 18 U.S.C. § 3147(1) sentencing enhancement charged in connection with Count 2 of the Superseding Indictment must be submitted to the jury and proved beyond a reasonable doubt, and in support thereof, would show as follows:

## I.
## BACKGROUND

1. Count 2 of the Superseding Indictment charges Mr. Jensen with interstate transportation of stolen property, in violation of 18 U.S.C. § 2314, arising from an alleged transfer of crude oil valued at $5,000 or more on or about June 18, 2025. *See Dkt. No. 111.* The Superseding Indictment further alleges that Mr. Jensen committed this offense "while released under Chapter 207 of Title 18 . . . pursuant to an Oral Order dated May 9, 2025, from the United States District Court for the Southern District of Texas, Case No. 1:25-cr-00257," and charges the offense as being "in violation of 18 U.S.C. §§ 2314 and 3147(1), and 18 U.S.C. § 2." *See id.*

2. A violation of 18 U.S.C. § 2314 carries a maximum term of imprisonment of ten years. *See* 18 U.S.C. § 2314. 18 U.S.C. § 3147(1) authorizes an additional term of imprisonment of “"not more than ten years," to run consecutively to any sentence imposed on the underlying

offense, where the defendant is convicted of a felony committed while on release under Chapter 207. *See* 18 U.S.C. § 3147(1). Accordingly, if the § 3147(1) enhancement is applied to a conviction on Count 2, Mr. Jensen's aggregate sentencing exposure on that count would rise from ten years to as much as twenty years.

3. As set forth below, because application of the § 3147(1) enhancement would increase Mr. Jensen's sentencing exposure on Count 2 beyond the ten-year statutory maximum otherwise applicable to that count, the Sixth Amendment — as construed in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004) — requires that the jury, not the Court, determine whether Mr. Jensen committed the Count 2 offense while on pretrial release.

## II.
## ARGUMENT & AUTHORITIES

### A. Section 3147 Is a Sentencing Enhancement, Not a Substantive Offense, and Therefore Does Not Require a Separate Verdict of Guilt.

4. Every federal court of appeals to have addressed the question has held that 18 U.S.C. § 3147 is properly classified as a sentencing enhancement, not a freestanding criminal offense. The Tenth Circuit has consistently found that § 3147 "is not a separate crime; it 'is a self-executing sentence enhancement provision' for those defendants convicted of offenses while free on bond pending other judicial proceedings." *See United States v. Horner*, 769 F. App'x 528, 532 (10th Cir. 2019) (*citing to Untied States v. Browning,* 61 F.3d 752, 756-57 (10th Cir. 1995); *United States v. Patton,* 708 F.App'x 488, 490 (10th Cir. 2017); *United States v. Mowery,* 694 F.App'x 638, 641 (10th Cir. 2017)). The Third, Fifth, Eighth, and Ninth Circuits have all held consistently with the Tenth Circuit. *See United States v. Lewis*, 660 F.3d 189, 195 (3rd Cir. 2011) ("§ 3147 is not a separate offense, but a sentencing enhancement"); *United States v. Jackson*, 891 F.2d 1151,

1153 (5th Cir. 1989) (§ 3147 provides only a sentence enhancement and does not constitute an independent offense or an element thereof); *United States v. Peithman*, 917 F.3d 635, 645-46 (8th Cir. 2019) ("[T]his Court held that § 3147 provides for an enhancement of a sentence, not a separate offense to be found by a jury."); *See United States v. Patterson*, 820 F.2d 1524, 1526 (9th Cir. 1987) ("§ 3147 does not create a separate offense. Section 3147 is a sentence enhancement statute which simply mandates an enhanced sentence for someone who commits an offense while released on bail.").

5. Consistent with this authority, Mr. Jensen does not contend that Count 2's reference to § 3147(1) creates an independent, separate count requiring its own verdict of guilt, nor does he ask the Court to submit a freestanding "§ 3147 charge" to the jury as a separate crime. What Mr. Jensen requests instead is the submission of the underlying factual predicate — whether he committed the Count 2 offense while on pretrial release — to the jury by way of a special interrogatory or verdict-form question, without creating a separate count of conviction.

**B. Because the Enhancement Would Push Mr. Jensen's Sentencing Exposure on Count 2 Beyond the Statutory Maximum for § 2314, *Apprendi* Requires the Predicate Fact to Be Found by the Jury Beyond a Reasonable Doubt.**

6. The characterization of § 3147 as a sentencing enhancement does not end the inquiry. In *Apprendi v. New Jersey*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *See Apprendi v. New Jersey,* 530 U.S. at 490. The Court later clarified in *Blakely v. Washington* that the relevant "statutory maximum" is the maximum sentence a court may impose based solely on facts reflected in the jury verdict or admitted by the defendant — not the maximum available after additional judicial fact-finding. *See Blakely v. Washington,* 542 U.S. at 303–04.

7. Applying these principles, the Third Circuit held in *Lewis* that "when a sentencing enhancement would increase the maximum sentence to which a defendant is to be exposed, it must be submitted to the jury and its elements proven beyond a reasonable doubt." *See Lewis,* 660 F.3d at 195. The Eleventh Circuit reached the same conclusion as a matter of first impression in *United States v. Perez*, holding that *Apprendi* applies to imposition of the § 3147 enhancement whenever it takes the defendant's total sentence beyond the statutory maximum for the underlying offense. *See United States v. Perez*, 86 F.4th 1311, 1318-20 (11th Cir. 2023).

8. That is precisely the circumstance presented here. 18 U.S.C. § 2314 carries a ten-year statutory maximum. If the Court applies the § 3147(1) enhancement based on judicial fact-finding alone, Mr. Jensen's sentencing exposure on Count 2 would increase to as much as twenty years — double the maximum authorized by the jury's verdict on the substantive offense alone. Under *Apprendi*, *Blakely*, *Lewis*, and *Perez*, the fact that Mr. Jensen is alleged to have committed the Count 2 offense while on pretrial release in Southern District of Texas Case No. 1:25-cr-00257 is therefore an element that must be found by the jury beyond a reasonable doubt — not a fact the Court may find by a preponderance of the evidence at sentencing.

### C. The Predicate Fact Should Be Submitted as a Special Verdict-Form Question, Consistent with the Approach Approved in Lewis and Perez.

9. The appropriate mechanism for compliance with *Apprendi* is a special interrogatory on the verdict form directed to Count 2 — not a separate count of conviction. This approach allows the jury to make the necessary finding beyond a reasonable doubt while avoiding the "potential adverse collateral consequences" that attend an improper freestanding conviction. Mr. Jensen respectfully proposes that, if the jury returns a guilty verdict on Count 2, it be asked the following special interrogatory:

> "Do you find beyond a reasonable doubt that the defendant, Maxwell Jensen, committed the offense charged in Count 2 while released pursuant to an Oral Order of the United States District Court for the Southern District of Texas, Case No. 1:25-cr-00257, entered on or about May 9, 2025?"

Counsel for Mr. Jensen is available to meet and confer with the government regarding the precise phrasing of this interrogatory and to address the issue further at the charge conference, so that any dispute over the wording does not delay resolution of the underlying legal question presented in this brief.

## III.
## CONCLUSION

**WHEREFORE, PRESMISES CONSIDERED, Defendant, MAXWELL JENSEN,** respectfully requests that the Court order that the factual predicate for the 18 U.S.C. § 3147(1) enhancement charged in connection with Count 2 be submitted to the jury by way of special interrogatory, to be proved beyond a reasonable doubt, rather than determined by the Court at sentencing.

Respectfully submitted,

*/s/ Brock Benjamin*
BROCK BENJAMIN
Attorney for Defendant
New Mexico Bar No. 141535
1013 E. San Antonio Ave.
El Paso, Texas 79901
Tel: 915-412-5858
Fax: 915-503-2224
E-Mail: brock@brockmorganbenjamin.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 17th day of August, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and service to all CM/ECF registrants.

*/s/ Brock Benjamin*
BROCK BENJAMIN